Hard v. Brown.

⟶⟶●◉●⟵⟵

EDWIN HARD v. MILTON BROWN.

The supreme court will not notice a question of variance between the declaration and proof, unless it appears by the bill of exceptions that the question was raised in the court below.

Where a written agreement for the use of premises contained a clause, that the lessor should allow the lessee to use such furniture as he could spare, by paying eight *per cent.* per annum on its estimated value, and also contained a distinct clause, that the rent should be paid in two equal semi-annual installments, and that the lessee should furnish sufficient security for the same, it was held that the agreement should not be construed as requiring security to be given for the use of the furniture,—especially as it was apparent, from the conduct of the parties at the time, that they did not so understand it.

And the agreement being, that the lessee should give *sufficient* security for the rent, it was held that it made no difference, if the security offered was ade-

quate, whether it was personal security, or security upon real estate, and that, if real estate were offered, the fact that it was incumbered by a prior mortgage was no *legal* objection to its sufficiency, but was a fact to be submitted to the jury.

And where the security offered, in such case, was on real estate, and the lessor absolutely refused to receive it, claiming that he was entitled to personal security, it was held, that the lessee was not bound to tender a mortgage deed to secure the rent, nor to give to the lessor particular information as to the situation and value of the real estate offered.

In such case the party has the whole of the day, on which the lease is to commence, for making his security, and though he may have said, upon the refusal of the lessor to receive certain security offered, that he would have nothing farther to do with the matter, yet this might be countermanded at any time during the day, if not acted upon by the lessor, and an offer during the day, of adequate security would be sufficient.

When the question in issue is in regard to the pecuniary responsibility of a person, witnesses may be allowed to express their opinion as to his solvency, as derived from a personal acquaintance with him and from his reputation, in this respect, in the community where he resides.

So testimony is admissible, upon this question, as to the habits of the individual for industry, sobriety, &c.

It is not an objection to the admissibility of a deposition in evidence, that the word "appeared" is omitted after the word "personally," in the certificate of the oath, when in other respects the certificate and caption are in the statute form.

Assumpsit. The plaintiff averred, in his declaration, that the parties, on the 29th day of December, 1842, entered into an agreement in writing, by which the defendant was to lease to the plaintiff a certain tavern house and land for one year after the first day of March, 1843, for a rent reserved of one hundred and twenty-five dollars, payable semi-annually, for the payment of which the plaintiff was to give sufficient security, and also agreed to deliver to the plaintiff, to be used in the tavern, such furniture as he could spare, for the use of which the plaintiff was to pay eight *per cent.* upon its appraised value; and the plaintiff averred general performance upon his part, and especially, that he had tendered good and sufficient security for the rent of the real estate, and that the defendant had refused to perform upon his part, and special damage was alleged. Plea, the general issue, and trial by jury,—Bennett, J., presiding.

Hard *v.* Brown.

On trial the plaintiff offered in evidence an agreement in writing, signed by himself and the defendant, dated December 29, 1842, which contained a clause, specifying that the premises described in the declaration were to be let by the defendant to the plaintiff for one year after the first day of March, 1843, for one hundred and twenty five dollars ; also a clause, that the defendant should let to the plaintiff such furniture as he could spare, the value of which should be estimated, and that the plaintiff, for the use thereof, should pay eight *per cent.* upon such value ; also a clause, providing that payment of the rent should be made in equal semi-annual instalments, and that the plaintiff should " furnish sufficient security for the same. "    The defendant objected to the admission of this instrument upon the ground of variance, insisting that by its terms the plaintiff was bound to furnish security for the sum to be paid for the use of the furniture as well as of the premises ; but the court overruled the objection.

The plaintiff then introduced testimony, tending to prove, that, being on the premises on the morning of the first day of March, 1843, with his family and effects, prepared to take possession under the agreement, he proposed to give to the defendant his individual notes for the payment of the rent of the real estate, and requested to be let into the possession ; that the defendant declined receiving such notes, and the plaintiff soon after proposed to secure the payment of the rent of the real estate by a mortgage upon his farm in Westford, in the county of Chittenden, telling him that it was ample security ; that the defendant declined receiving this security, and the plaintiff then told him, that he did not know that he could give him any other security and should have to leave, and that he did, soon after, leave with his family ; that the plaintiff returned in a few hours, and tendered to the defendant, as security for the rent of the real estate, two notes for $62,50 each, payable at the times specified in the agreement, and signed by himself and one Rood ; and that the defendant declined receiving the notes, saying that he should not think that the plaintiff would offer them to him, after what had been said in the morning.

The testimony on the part of the defendant tended to prove, that the plaintiff's real estate in Westford was of about the value of $600, and was subject to the payment of an annual rent forever of

12

$6,25, and was also incumbered by a mortgage to secure the payment of $300,00; that after the defendant had refused, on the first day of March, 1843, to take the individual notes of the plaintiff for the rent, and before the plaintiff offered security upon real estate, the plaintiff declared, that he would have nothing farther to do with the matter; that the plaintiff's offer was, to give security " upon his farm in Chittenden county," not stating in what town it was situated; and that Rood was not, at the time his notes were offered by the plaintiff, responsible for the amount of those notes.

The plaintiff introduced testimony as to the value of his farm, and also as to the solvency of Rood, and, to the latter point, offered the depositions of witnesses, who stated, in substance, that, from their own knowledge of Rood, and from what was said by others, who were acquainted with him, in the vicinity where he lived, they should think that his credit was good, and that he was responsible for a larger sum than the amount of the notes. This testimony was objected to by the defendant, but admitted by the court. The plaintiff was also allowed to prove, upon this point, that Rood was an industrious man and of good habits. The defendant also objected to the deposition of one Stiles, offered by the plaintiff, for the reason, that the word "appeared" was omitted after the word "personally" in the certificate of the oath; but the objection was overruled by the court.

The defendant requested the court to charge the jury;—1, That a refusal by the defendant to let the premises on the first day of March, 1843, was not a breach of the contract; 2, That the defendant was not bound to accept an offer of real estate in "Chittenden county;" 3, That, if a mortgage of real estate was sufficient security, within the terms of the contract, it should be a mortgage on unincumbered property; 4, That, after the offer of inadequate security upon real estate by the plaintiff, and its refusal by the defendant, and the departure of the plaintiff with his family, the defendant had a right to rescind the contract, and that the subsequent offer of Rood's security was too late; 5, That a refusal by the plaintiff, before the offer of any security, to have any thing farther to do with the matter, discharged the defendant from all liability upon the contract, and that no subsequent offer of security by the plaintiff, without an express recognition of the contract, by the defendant, as

still subsisting, could have the effect to charge the defendant upon his refusal to accept such security; 6, That it was incumbent on the plaintiff to prove, that the defendant knew, that the real or personal security offered was sufficient, or that the offer was accompanied with reasonable evidence of such sufficiency.

But the court instructed the jury, that, by the terms of the contract, the plaintiff was bound to furnish sufficient security to the defendant for the payment of the rent of the real estate, before he could call upon the defendant to fulfil the contract upon his part; that he had the whole of the first day of March, in which to do this; and that he might give, for this purpose, his own notes, secured either by a mortgage of real estate, or by a co-signer. The jury were also instructed, that, if they should find, that the plaintiff, after his own notes were refused, declared to the defendant that he would have nothing farther to do with the business, this would not of course discharge the defendant from the obligation of the contract upon his part, especially when there was no evidence, that the defendant had in any way acted on such declaration; but that the plaintiff had the right, at any time during that day, in effect to countermand such declaration, by giving the proper security for the rent; that the parties might rescind the contract at any time before a breach; but that this must be by the mutual consent of both parties.

The jury were also instructed, that, if the plaintiff, on the first day of March, 1843, though after he had made the declaration before stated, offered to give the defendant the security by a mortgage upon his farm in Westford, or upon his farm in Chittenden county, (and that it was immaterial which) and the defendant refused to receive it, for the reason that he claimed that he was entitled to personal security, the plaintiff was not bound to tender a mortgage deed of the same, nor to give any farther description of the premises, which he intended to mortgage; that the security offered must be reasonably adequate, and such as men of ordinary prudence would be satisfied with taking; that it was for them to determine this point, from the whole evidence in the case bearing upon it; that, in reference to this, they would ascertain the value of the premises which the plaintiff intended to mortgage, their situation, and the incumbrance upon them; that the premises were not necessarily inadequate, because there was an incumbrance upon them;

but that they should be satisfied, that the land was a full and ample security for the payment of the previous mortgage, as well as of the rent, in money, before they should hold the security as sufficient.

The jury were also instructed, as to the tender of Rood's notes, that, though they should find that the plaintiff had not, until the time that tender was made, offered to give the defendant sufficient security for the rent, yet, if the contract had not been rescinded by the mutual consent of the parties, it was made in season ; that the question as to Rood's responsibility was one of fact, for the jury to pass upon; that it was not necessary, that Rood should have attachable property, either real, or personal, to the amount of the notes signed by him, in order to render the security sufficient, but that it was proper for them to take into the account Rood's character, habits, and qualifications for business, and whatever debts might be due from him ; and that, if, from the whole, they found Rood possessed of such responsibility, as a man of ordinary prudence should and would, under like circumstances, be satisfied with, the plaintiff, in this respect, did all that he was obliged to do, and the defendant was bound to have accepted the security, when tendered, . and to have let the plaintiff into possession of the demised premises.

The jury returned a verdict for the plaintiff. Exceptions by defendant.

*Shafter & Peck* for defendant.

1. There was a fatal variance between the contract declared upon and the one offered in evidence. *Bristow* v. *Wright,* 2 Day 664. *Hooker* v. *Cook,* 4 Johns. 314. 1 Phil. Ev. 208. The court will collect the intention of the parties by inference from stated terms, or from actual circumstances, or from both. Story on Cont. 148, 228. *Roberts* v. *Button,* 14 Vt. 203. Greenl. Ev. 328, 338. 3 Sumn. 533. 1 Story's R. 588. 1 Saund. R. 441. 15 Pick. 388. Doct. & St., c. 24, 176. Lieb. Leg. & Pol. Herm. 19, 23, 24, 61. The intention of the parties, in this case, is apparent ; the plaintiff was to give to the defendant security for the use of all things, for which money was to be paid. There was no legal uncertainty as to the sum to be paid for the use of the furniture; for it rested in appraisal, and its ascertainment was easy and certain. The intention of the parties is to be followed, unless such intention contra-

Hard *v.* Brown.

vene some positive rule of law. Willes 327. Shep. Touch. 86. Dougl. 268, 382. 11 Mass. 303. 8 Mass. 174, 178, 179, 183–6, 214. 18 Pick. 403. 3 Metc. 533. 5 Metc. 188. 1 Story's R. 574, 588. 6 Johns. 49. 20 Pick. 150, 156. 2 Cow. 195, 223. 6 Pet. 75. The objection to this construction can only be, that the word *rent* is one of restricted meaning, and that it is here to be taken in its technical and most limited sense. The word, as here used, is one of reference; and it nowhere appears, that a technical rent was reserved. The word *use* is the only one applied to the realty, expressive of the interest, or estate, the plaintiff was to take; and the true interpretation is, that there was to be a letting to the plaintiff without any reservation of *rent*, and that for the *use* and *occupation* of the premises, including the furniture, the personal obligation of the plaintiff, with sufficient security, was the consideration. The parties could not here intend a technical *rent*. Would an action of assumpsit lie upon Hard's promise to pay? If so, it was no rent. Cro. Car. 414. Id. 343. Cro. Jac. 598, 668, 669. 1 Brown 14. Cro. Eliz. 857. Id. 118. Id. 623. The term rent is applied, not only to issues out of the *realty*, but to the consideration paid for the use of incorporeal hereditaments, as well as of goods and chattels; 1 Ld. Raym. 77; Cro. Jac. 111, 452; *Jewell's Case,* 5. Co 3; 2 Saund. R. 303, 304; *Spencer's Case,* 5 Co. 16; *Codman* v. *Jenkins,* 14 Mass. 94; 21 Pick. 538; 4 Metc. 224, 227; 9 Vt. 186; 5 Vt. 328; and the term must be understood in its most comprehensive sense, if there is nothing to show that a more confined interpretation was intended; Chit. Cont. 79; Greenl. Ev. 327; 7 Conn. 434, 444; 5 Wend. 375, 392.

The argument has proceeded thus far upon the ground, that the writing offered in evidence was an agreement for a *lease;* but the writing was in fact itself a lease, and, by consequence, does not support the count, as that alleges a mere agreement to demise the premises in question; *Malden's Case,* Cro. Eliz. 33; *Harrington* v. *Wise,* Cro. Eliz. 486; Cro. Car. 207; *Poole* v. *Bentley,* 12 East 168; *Wright* v. *Trevezant,* 3 C. & P. 441, [14 E. C. L. 385;] *Pinero* v. *Judson,* 6 Bing. 206, [19 E. C. L. 56;] 8 Bing. 178, [21 E. C. L. 261;] *Wilson* v. *Chisholm,* 4 C. & P. 474, [19 E. C. L. 480;] *Pearce* v. *Chesley,* 3 Nev. & M. 652; 3 Johns. 44; 5 Johns. 74.

2. As the defendant was obliged to accept the offered security, if sufficient, to save himself from an action, or to reject it, if insufficient, to save himself from fraud, we insist that he had a right to know, and that the plaintiff was bound to give him information, as to the nature, extent and location of the real estate offered, and as to the property and responsibility of Rood, and that the case shows no excuse for omitting to furnish such information.

3. We submit, that the charge as to the rescinding the contract was erroneous ; that, after what was said by the plaintiff, it was not necessary for the defendant to do any act in disaffirmance of the contract; and that, if such act was necessary, the refusal of Rood's notes and the accompanying remark was evidence that the defendant considered the contract at an end ; *Suttons* v. *Tyrrell*, 12 Vt. 79; *Lantry* v. *Parks*, 8 Cow. 63; 2 Stark. Ev. 127.

4. There was manifest error in admitting, as to Rood's responsibility, the opinions of witnesses, founded upon personal observation coupled with the hearsay statements of others, as well as in admitting testimony as to Rood's personal habits and character ; *Meyer* v. *Sefton*, 3 C. & R. 344; *Sheldon* v. *Root*, 16 Pick. 567 ; *Champion* v. *Brooks*, 9 Mass. 227; *Needham* v. *Ide*, 5 Pick. 510; *Griffin* v. *Brown*, 2 Pick. 304; 14 East 327; 4 Cow. 203 ; 6 Cow. 9, 13 ; 4 Cow. 355 ; 7 Wend. 78 ; 3 N. H. 349, 365, 366.

5. The declaration alleges a contract to rent and demise the premises in question *after* the first day of March, for one year. We submit, that a refusal to rent and demise *on* the first day of March was no breach of the contract, even if it was an agreement to rent and demise, as alleged. 2 Cowp. 714. 2 Camp. 294. 15 Ves. 246. Bayl. on Bills 238, (n. 69.) 3 N. H. 14. 8 Mass. 453. 2 Vt. 129. 6 Law Rep. 392. 7 Law Rep. 25. 4 Wash. C. C. Rep. 232.

*D. A. Smalley* and *A. Peck* for plaintiff.

I. The case is not open to an objection for variance in any respect, except as to the security for the use of the furniture. The plaintiff insists, that there is no variance.

1. The declaration states the whole contract precisely ; and the construction of one must be the construction of the other.

Hard v. Brown.

2. The declaration does not allege any tender for the use of the furniture; the proof, therefore, is as broad as the declaration.

3. The word rent, in the contract, relates solely to real estate, for which a fixed and definite sum was to be paid; 2 Bl. Com. 41 ; *Cornell* v. *Lamb*, 2 Cow. 652; 5 Jac. Law Dict. 468 ; 7 Com. Dig., Tit. Rent, 245 ; 6 Bac. Abr., Rent B 8.

II. The evidence in relation to Rood's responsibility was properly admitted. The fact, that the opinion of the witnesses was based in some measure upon reputation, might affect the weight to be given to their testimony, but not its competency.

III. The deposition of Stiles was properly admitted. It is well settled, that a mere verbal departure from the statute will not exclude a deposition, if the sense is preserved; *Nye v. Spalding*, 11 Vt. 501 ; *Houghton* v. *Slack*, 10 Vt. 520 ; *Clark* v. *Brown*, 15 Vt. 658.

IV. The plaintiff insists, that a compliance with the defendant's first request to charge would have been error.

1. The contract does not specify any time for the plaintiff to tender the security and the defendant to execute the lease, and, as the plaintiff was to have possession one year after the first day of March, (conceding this to be exclusive of the first day,) he had the whole time between the date of the contract and the commencement of the lease to tender the security and demand the lease, or possession of the premises,—or, at least, he had a reasonable time to tender it, before he was to have possession.

2. The defendant put his objections exclusively on other grounds, and it is now too late for him to object, that the tender was premature ; *Coit* v. *Houston*, 3 Johns. Cas. 257 ; *Black* v. *Smith*, Peake's Cas. 87 ; *Douglas* v. *Patrick*, 3 T. R. 683 ; *Russell* v. *Ormsbee*, 10 Vt. 277 ; *Gould* v. *Banks*, 8 Wend. 562 ; *Lawrence* v. *Dole*, 11 Vt. 549 ; *Porter et al.* v. *Stewart*, 2 Aik. 417 ; *Rushton* v. *Aspinall*, 2 Dougl. 679 ; *Slingerland* v. *Morse*, 8 Johns. 474.

3. The proof sustains the allegation in the declaration, even if the contract is exclusive of the first day of March, and the plaintiff was entitled to a verdict. If the declaration was bad, the defendant should have demurred, or moved in arrest of judgment ; *Cameron* v. *Reynolds*, Cowp. 407 ; *Barney* v. *Bliss*, 2 Aik. 60 ; *French* v. *Thompson*, 6 Vt. 54 ; *Warden* v. *Burnham*, 8 Vt. 390 ; 1 Ch. Pl.

Hard v. Brown.

287–9, 348–9; *Tomkins* v. *Carwin*, 9 Cow. 255; *Cheetham* v. *Lewis*, 3 Johns. 42; *Vail* v. *Lewis*, 4 Johns. 450.

4. Taking the whole contract together, the agreement for a lease is inclusive of the first day of March. The intent of the parties, in such case, is to govern the construction, and the words may be inclusive, or exclusive, according to such intent; *Morey* v. *Homan*, 10 Vt. 565; *Gunnison* v. *Bancroft*, 11 Vt. 490; *Gray* v. *Clark et al.*, 11 Vt. 583; *Pugh* v. *Leeds*, Cowp. 714; 5 East. 244.

V. Security on real estate satisfies the contract, and the incumbrance thereon does not change the *character*, but only depreciates the value of the security, and the whole was properly left to the jury. The plaintiff having offered security on real estate, and the defendant having refused it on other grounds, and without making inquiry as to the location, description, or value of such security, the plaintiff was not bound to produce evidence to the defendant on this point, as it would have been a nugatory act. *Jones* v. *Barkley*, 2 Dougl. 604. *Miller* v. *Drake*, 1 Caine 45. *Lawrence* v. *Dole*, 11 Vt. 549. *Gould* v. *Banks*, 8 Wend. 562. *Coit* v. *Houston*, 3 Johns. Cas. 257. *Slingerland* v. *Morse*, 8 Johns. 474.

VI. The offer of real estate security did not bar the plaintiff from a right to tender other security, if done in season. Nor did the plaintiff's declaration, before he offered the security on real estate, "that he would have nothing farther to do with the matter," have that effect, unless the jury found a variance or abandonment of the contract, especially as the plaintiff, immediately after, offered the defendant suitable security, and there was no evidence tending to show that the defendant either assented to rescind the contract, or had done any act to his prejudice, relying on such declaration.

The opinion of the court was delivered by

BENNETT, J. The defendant must be confined to the ground of variance, which it appears by the bill of exceptions was insisted upon in the court below. We do not think that there was, in this particular, a variance between the declaration and the proof. Though we might, perhaps, be of the opinion, that the term rent might be extended, so as to include what might become due for the use of furniture, if the intention of the parties required it, yet we think that the parties did not contemplate, that security should be given for the use of any furniture, which Hard might, in the end,

have with the place.  Brown was under no legal obligation to let him have any.  If he had any furniture, which he chose to spare, it was to have been appraised, before the amount to be paid for its use could be ascertained.  It is quite apparent, from the conduct of the parties, that they did not understand, that the use of furniture was included in the term *rent*.  Hard went to take possession of the premises, without having any furniture appraised, and Brown made no claim, that the security was to include the use of furniture.

The terms of the contract required, that Hard should give *sufficient* security ; and if it was adequate, it made no difference, whether it was *personal* or *real* security.  Either might be sufficient.  The fact, that the real estate had a previous mortgage upon it, was no legal objection to its sufficiency.  It might, notwithstanding, be abundantly adequate.  The jury were fully, and, as we think, correctly instructed on this point.

The defendant was not bound to have made out and tendered to the plaintiff a mortgage deed to secure the rent.  The law never requires a useless ceremony to be performed ; and when Brown refused to take a mortgage, insisting that he had a right to require personal security, the defendant was excused from tendering a deed.  Neither was he bound to have given any more explicit information in relation to the property, especially in a case in which none was required.

We do not see, that the county court erred in permitting witnesses, who had a personal acquaintance with Rood, to express their opinion in regard to his solvency, as derived from a personal acquaintance with him, and from information derived from others in the vicinity where he resided, and who were also acquainted with him.  When the question in issue is in regard to the pecuniary standing of an individual, the matter must necessarily rest, to some extent, in opinion.  This opinion must be based upon what the witness knows of the individual himself, and upon the estimate of others, who know him.  The *credit* of an individual is ordinarily, in fact, in a great degree, made up of opinion.

The evidence relative to Rood's habits for industry and sobriety was properly admitted.  It had an evident bearing upon the character of the security offered, in relation to its *sufficiency*.  Common

13

prudence will always induce an individual, who is about to give credit to another, to inquire respecting his habits.

Upon this bill of exceptions it is quite immaterial, whether the lease commenced on the first or the second day of March. If it commenced on either day, Hard had the whole of the first day, in which he could give to Brown the security. The contract does not provide, that the security for the rent should be given *only* on the day, upon which the lease took effect. Besides, since Brown distinctly based his refusal to receive the security upon other grounds, it may well be questioned, whether he can now be permitted to take the position, that the plaintiff was premature in offering the security.

Some other points of minor importance were made in the argument of the case ; but the court are entirely satisfied with the ruling of the court below and affirm their judgment.