HENRY RICHARDSON v. MEDAD HITCHCOCK.

*Evidence.   Intervening damages in an action upon a recognizance for an appeal.*

In an action upon the recognizance, entered into by a third person for the appeal of a defendant from the judgment of a justice against him, the fact that such defendant, about the time of his appeal, gave in his list for property to a certain amount, is admissible as tending to show that he then had that amount of property.

The opinion of a witness in reference to the solvency of a person may be given in connection with the facts on which such opinion is grounded.

For the purpose of showing the insolvency of the defendant before the rendition of a final judgment against him, it may be shown that soon thereafter he was admitted to, and took the poor debtor's oath, before the jail commissioners, upon an execution in favor of a third person.

This may be shown by parol, the jail commissioners not being regarded as a court of record; and, for the mere purpose of showing the defendant's insolvency, it is immaterial whether a certificate, properly signed, was left with the jailor or not.

If a defendant, whose body is liable to be taken on execution, has, at the time of the rendition of a justice's judgment against him from which he appeals, property which would prevent him from taking the poor debtor's oath so that the plaintiff might, by an imprisonment of the defendant's body, obtain payment of his debt, and, between that time and the rendition of a final judgment on the appeal, he so disposes of the property that he is then enabled to swear out, the plaintiff would be entitled to recover, in an action on the recognizance for the appeal, the damages thus sustained in being deprived of the opportunity of so collecting the debt, although the property which the defendant owned at the time of the appeal was without, and beyond the reach of the process of this state.

SCIRE FACIAS upon a recognizance for an appeal, by one Jacob Stebbins, from a judgment recovered before a justice in favor of the plaintiff. The defendant pleaded a tender of the additional

costs, and that there were no intervening damages beyond; trial by jury, December Term, 1855,—POLAND, J., presiding.

It appeared that the plaintiff recovered a judgment before a justice of the peace, against the said Stebbins, for $52.14 damages, and $2.14 costs, on the 13th of May, 1850, from which judgment the said Stebbins appealed; and that the plaintiff recovered a judgment against him in the county court at the December Term, 1850, for $54.18 damages, and $14.03 costs. It also appeared that the writ issued against the body of Stebbins, and that he was arrested thereon and gave bail.

The plaintiff gave evidence tending to prove, that at the taking of said appeal, the said Stebbins possessed real and personal estate in the state of Massachusetts; and, to prove that, offered the deposition of John R. Smith to which the defendant objected, claiming that the subject matter of it was not legal evidence. That portion of said deposition, containing statements of the said Stebbins to the witness, marked in brackets, was excluded; the residue was admitted, to which the defendant excepted. The plaintiff also gave in evidence an execution in favor of *Patty Hitchcock* v. *Jacob Stebbins*, dated January 6th, 1851, on a judgment recovered at the December Term, 1850, of Orleans county court, for $62.00 damages, and $13.99 costs of suit, with the officer's return thereon, that on the 5th of February, 1851, said Stebbins was duly committed thereon to the jail in Irasburgh. The plaintiff thereupon offered to prove that said Stebbins was, in March, 1851, admitted to the poor debtor's oath upon said execution, and discharged from jail thereon, and offered George Worthington, who was then one of the jail commissioners of Orleans county, to prove that fact. The defendant objected that this must be shown by the certificate left with the jailor. The plaintiff thereupon produced the certificate, which the defendant objected to because it was signed by only one of the commissioners, and also because it was not shown that a regular petition and citation had issued; but the court overruled all said objections, and allowed the certificate to be read. Worthington was also admitted as a witness, and testified that said Stebbins was duly admitted to the poor debtor's oath; that the creditor was notified and appeared, &c. The defendant excepted to the admission of Worthington as a witness, and to said certificate.

The plaintiff introduced his execution, issued upon his final judgment against Stebbins, dated January 6th, 1851, which was returned *nulla bona*, February 10th, 1851.

The court, among other things, charged the jury that if they found that at the time the appeal was taken by Stebbins in the plaintiff's case, he was the owner of property so that he could not have taken the poor debtors oath, although it might be property without this state so that it could not be attached by any legal process in this state; and that if the plaintiff had his execution then, and by committing Stebbins to jail thereon, he could have thereby enforced payment of his debt; and that the condition of Stebbins' property had become so changed, at the time when the plaintiff recovered final judgment and obtained execution, that he could properly and legally take the poor debtor's oath, and that the plaintiff had no means of enforcing payment of his debt, then the plaintiff ought to have a verdict; that the real question for the jury to determine, was whether the plaintiff lost his debt, or any part of it, by the delay occasioned by said appeal and the change in Stebbins' property and circumstances during the same period; if he had sustained such loss by the delay he should have a verdict to that extent, but if he had not, the verdict should be for the defendant. To so much of the charge as is detailed, the defendant excepted. Verdict for the plaintiff.

The deposition of John R. Smith, above referred to, was as follows.

" I first became acquainted with Jacob Stebbins, late of said Sunderland, now deceased, in the Spring of 1835, and was frequently in intercourse with him thereafter, as long as he lived; he worked for me more or less, several years, during his residence in this town. In the year 1850 I was one of the board of assessors for the said town of Sunderland, and the said Jacob Stebbins gave in his list for real estate, which said board set in the valuation at the sum of four hundred dollars, and personal property, the sum of two hundred dollars, being for money at interest; and he was taxed for said sums in the town, county, and highway taxes for said year 1850. The lists are taken in this state for the first of May, annually, and I have no doubt but that he was worth as much as the amount of said sums, being six hundred dollars on the first day of

May, 1850. I think so because he was averse to paying more than he was legally required to at any time, [and also because he had, a year or two previous to the year 1850, told me that he was worth somewhere in the neighborhood of a thousand dollars."]

*Cooper & Bartlett* and *Peck & Colby* for the defendant.

The proceedings upon the execution, *Patty Hitchcock* v. *Stebbins,* were *into alios*; and this defendant, having no notice, is not affected by the declaration of Stebbins, or the judgment thereon of the jail commissioners. It amounts to this. Stebbins stated, on oath in that case, that he was poor, and commissioners let him out of jail; clearly if Stebbins had been committed to jail on the execution in favor of this plaintiff, the certificate of the commissioners in the other case would not be admissible to show his poverty as against this plaintiff. How, then, should it be admitted against the defendant as any proof of any fact?

An examination of a pauper, *exparte*, though taken upon oath, is not admissible evidence against the appellant parish; *Rex* v. *Ferry Frystone*, 2 East. 54; *Rex* v. *Nunham Co.* 1 East 373; *Rex* v. *Eriswell*, 3 T. R. 721; 2d Stark. Ev. 386.

The certificate of discharge, signed by one only of the jail commissioners, is void. The statute requires two to act for a quorum; Comp. Stat. Chap. 112 Sec. 45.

It cannot be said that the examination may have been regular, and before a full board; for in these cases the certificates is the judgment, and a plea of judgment and discharge without alleging and setting out a certificate, was held bad; *Staniford* v. *Barry*, *Brayt.* 200; *Raymond* v. *Southerland,* 3 Vt. 505. The case shows, then, simply an escape of Stebbins in the case of *Patty Hitchcock* v. *Stebbins.*

The parol evidence of a commissioner was not competent, for it was only hearsay. The certificate is the legal mode of proof. The certificate is conclusive of all facts apparent thereon; *Allen* v. *Hall,* 8 Vt. 34.

In *Bancroft* v. *French & al,* Washington supreme court, 1851, an action was held not to lie against jail commissioners for giving an informal and void certificate for the reason that it was a judicial act.

Richardson v. Hitchcock.

*J. H. Prentiss* and *T. P. Redfield* for the plaintiff.

The matter in Smith's deposition was pertinent, and the deposition admissible. The declaration of Stebbins, which the deposition narrates, was made when he could anticipate no advantage therefrom, and was against his interest when it was made. Declarations by tenants are admissible evidence, after their death, to show that a certain piece of land is parcel of the estate which they occupied, and proof that they exercised acts of ownership on it, not resisted by contrary evidence, is decisive; *Davis* v. *Pierce*, 2 Term 53. See also *Roe* v. *Rowlings*, 7 East 278; *Higham* v. *Ridgeway*, 10 East 109; *Doe* v. *Robson*, 15 East. 32; 1 Stark. Ev. 45, 46.

The testimony was not offered to prove an assessment. One may be assessed for that which he does not own. It was offered to prove an admission, a claim of title, which, being against the interest of Stebbins in the particular instance, and touching a matter entirely within his knowledge, is better evidence than a mere assessment. It was his declaration accompanied by his act of giving in his list; *Elkins* v. *Hamilton*, 20 Vt. 627.

Mr. Worthington was properly admitted as a witness. So was the certificate of the jail commissioners. The evidence was offered merely to prove the poverty of the debtor. It was not essential to the plaintiff's right of recovery in this action that Stebbins should have been discharged from jail, nor that he should have obtained the commissioner's certificate.

· The evidence was offered to prove that on a certain day, before a lawfully constituted court, authorized to administer oaths, and appointed for the purpose of determining the fact, though not a court of record, Stebbins was examined on oath, and the fact established that he had no estate other than such as was exempt from attachment. The fact that such proceedings were had, and the evidence offered to prove them were admissible. It was like proof by one of a board of auditors, or a juror, that a certain isolated fact within their province to determine, was found by the board or panel.

The certificate was admissible to prove that Stebbins had been admitted to the poor debtor's oath, and the conclusion follows, as matter of law, that he ought to be discharged.

The charge of the court was but a repetition of the law as set-tled by the supreme court; *Mc Gregor* v. *Balch,* 17 Vt. 562.

The opinion of the court was delivered by

BENNETT, J. The defense of the action is put upon the ground of a tender of the additional costs occasioned by the appeal, and a denial of there being any *intervening damages.*

We think the deposition of John R. Smith was admissible, so far as it was received by the county court. That part of it included in brackets, and going to show the declaration of Jacob Stebbins to the deponent, in regard to the amount of his property, was ex-cluded by the court below. But the fact that Stebbins gave in his list, for 1850, for property to the amount of some six hundred dollars, is a distinct fact, and has some tendency to prove that he had property to that amount, and this act of the principal *is* equally evidence against the surety. The opinion of the deponent that the principal, in May, 1850, was worth six hundred dollars, we think was well enough admitted. The deponent had been acquainted with the principal from the spring of 1835, and he had worked for the deponent more or less, several years, during his residence in the town; and, in 1850, the deponent was one of the assessors of the town, and the principal gave in his list for real and personal estate for that year, to the amount of six hundred dollars. The deponent gave the grounds of his opinion.

In *Hard* v. *Brown,* 18 Vt. 87, it was held that a witness might be allowed to express his opinion as to the solvency of an individual, as derived from a personal acquaintance with him, and from his reputation, in this respect, in the community.

We think it was competent, for the purpose of showing insol-vency in the principal before final judgment was obtained against him, to show that in March, 1851, he swore out of jail on the ex-execution in favor of Patty Hitchcock, and we see no objection to the medium of proof. It is evidence of insolvency, as against the principal; and, as the relation of principal and surety existed be-tween Stebbins and the defendant, it is evidence against the latter.

The proceedings of the jail commissioners may be proved by parol. They have never, with us, been regarded as a court of

record. They testified that Stebbins had, by them, been admitted to the poor debtor's oath, and this was all that was important to the case. It was of no particular importance, in this case, whether a certificate was lodged with the jailor or not, and we see no objection to the admission of the certificate lodged with the jailor, as a part of the transaction, although signed by only one of the commissioners. If the sheriff had been sued for an escape, by the creditor in the execution, the case would have been quite different.

We see no objection to the principles of the charge, and it was fully warranted by the case of *McGregor* v. *Balch*, 17 Vt. 562.

Judgment affirmed with costs.