Campbell *v.* Moulton et al.

---

SEYMOUR CAMPBELL *v.* WILLIAM W. MOULTON AND HENRY W. GOODWIN.

*Promissory note.  Consideration.  Principal and surety.*

A note was executed by two persons, one as principal and the other as surety, payable to a married woman or bearer, the consideration of which was the purchase of her, by the principal, of certain land. The deed was executed solely by the wife, but in the presence and with the consent of her husband, the parties all supposing at the time that her deed passed a valid title. The wife died before the maturity of the note, and all her estate, by her will, became the property of the husband. After the note became due, the principal, then being insolvent, discovered the defect in the title, and without the knowledge of the surety, applied to the husband to perfect the title, which he did by executing to him a quit claim of the land. *Held,* in an action upon the note in favor of the husband against the makers, that the principal could not, after having accepted the deed from the husband, question the consideration of the note. *Held,* also, that the acceptance of the husband's deed by the principal, and his thus obtaining the full title, which the surety, when he executed the note, supposed he had already received, rendered the note equally binding upon the surety.

ASSUMPSIT upon a promissory note for two hundred dollars, signed by the defendants, and payable to Florilla Campbell, or bearer, in one year from date, with interest annually after posses-

sion should be given of certain land that day deeded by the payee to the defendant Moulton. The declaration also contained the common counts. Plea, the general issue, and trial by the court, at the September Term, 1856,—POLAND, J., presiding.

On trial, the following facts appeared :

On the 19th of February, 1853, Florilla Campbell, then the wife of the plaintiff, was the owner in her own right of a dwelling house and land in Marshfield, which she on that day, with the consent of her husband, conveyed to the defendant Moulton, and as a portion of the price of which Moulton gave her the note above described. The defendant Goodwin signed the note merely as surety for Moulton, and received no security from him therefor. The plaintiff did not execute this deed, but was present at, and assented to its execution, and both he and the other parties supposed that it passed a valid title to the premises. It was verbally agreed at the time the deed was made, that Mrs. Campbell should retain possession of the premises until the following June, if she should not be able to remove before that time. She died on the 1st of March, 1853, and the plaintiff put the defendant Moulton into possession of the premises on the 12th of that month.

The plaintiff was his wife's executor, and all her property was assigned to him by decree of the probate court. On the 27th of February, 1854, the firm of Goodwin & Moulton failed, and Moulton became wholly bankrupt. On that day the plaintiff called on the defendants to pay the note, and they both agreed to pay it. A few days afterwards Moulton discovered the defect in the title, and without Goodwin's knowledge or consent, called on the plaintiff to perfect the title, which he did by executing a quit claim deed of the premises to Moulton. After the execution of this quit claim, there was no evidence that Goodwin ever promised to pay the note.

The defendants insisted that there was no consideration for the note, and that no recovery could be had against either defendant, because there was no count in the declaration for land sold.

But the court overruled these objections, and rendered judgment for the plaintiff against both defendants, for the amount of the note, computing interest from the 12th of March, 1853. Exceptions by the defendants.

Campbell *v.* Moulton et al.

*J. A. Wing,* for the defendants.

*T. P. Redfield* and *D. K. Smith,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question made in the present case, is in regard to the consideration of the note sued. It was executed for the price of land sold and agreed to be conveyed. The deed was executed by a *feme covert,* without her husband joining in the execution, he being present and assenting, and both parties supposing the deed sufficient to convey the title, which was primarily in the wife. If, when the defect in the conveyance was discovered, the plaintiff had declined to make the conveyance, or for any reason it had not been in his power to convey the title, the note probably must have been regarded as invalid. There can be no doubt that the deed of a married woman is void, and if that were the only consideration of the note, it must be held insufficient.

But in the present case the plaintiff did convey, as soon as requested, and the purchaser accepted the conveyance without objection. There can be no doubt this rendered the note perfectly valid and binding between the plaintiff and the purchaser. The request for a deed, and accepting it, could be regarded in no other light than a ratification of the contract of sale, including the securities given. It is very questionable whether, under the facts in this case (where there had been such part execution of the contract as evidently to enable the court of chancery to decree a specfic performance, so that the contract was really obligatory between the parties), whether the defendant, upon the discovery of the defect in the conveyance, could have repudiated the contract, without first demanding a confirmation of the title. But however that may be, it is certain that after having accepted the conveyance of the title of the land which was the agreed consideration of the note, the purchaser can not defend an action upon the note on the ground of a want of consideration.

And we think that accepting the title by the purchaser, in the mode the surety supposed it had already been conveyed, renders the note equally binding upon the surety. The surety contracts always, in the first instance, upon a consideration passing between

the principal parties. His signature is in the nature of a blank signature, to be used at the election of the principal in a particular mode. The authority of the principal is absolute, as to whether he will use the note or not, but he is bound to use it only for the purpose for which it was originally given, i. e. in the present case, to pay for this land. But he has an absolute right to use it for this purpose, until at least his power is revoked, either expressly or by fair implication.

And if there happen to be a defect in the mode of conveying the title, it does not seem to us that this is a question with which the surety has any concern, or in regard to which the principal is bound to consult him, if the seller is willing to confirm it.

We think, therefore, that upon the facts in this case, the plaintiff was entitled to judgment against both defendants upon the note.

Judgment is affirmed.