[S. F. No. 474.    Department One.— December 9, 1896.]

KITTIE MORRISON, APPELLANT, *v*. ELIZABETH A
ROGERS ET AL., RESPONDENT.

CONTRACTS—ILLEGALITY—PUBLIC POLICY—MARRIAGE BROKERAGE—ACTION
FOR SERVICES.—A marriage brokerage contract is invalid as being con-
trary to public policy, and services'rendered under such a contract are
without legal consideration, and are incapable of forming the foundation
of an action for their r covery.

ID.—PROMOTION OF EXISTING AGREEMENT TO MARRY.—There is no differ-
ence in principle between services rendered under a contract to promote
the carrying out of an existing agreement of marriage, and those ren-
dered for the purpose of inducing another to marry a person not previ
ously known.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. W. R. DAINGER-
FIELD, Judge.

The facts are stated in the opinion of the court.

*W. W. Allen, Sr., W. W. Allen, Jr.,* and *Aylett R. Cot-
ton,* for Appellant.

A contract by which one party agrees for a consider-
ation, to negotiate or procure a marriage for the other,
is a marriage brokerage contract. (2 Pomeroy's Equity
Jurisprudence, sec. 931; 1 Story's Equity Jurisprudence,
sec. 260; *Johnson* v. *Hunt,* 81 Ky. 321; *Shifflehill* v.
*Brett,* 2 Vern. 405; *Boynton* v. *Hubbard,* 7 Mass. 112;
*Crawford* v. *Russell,* 62 Barb. 92; 1 Story on Contracts,
3d ed., sec. 694; 2 Lead. Cas. Eq., 4th Am. ed., 495;
Rapalje and Lawrence's Law Dictionary, tit. Profeneta
and Brokerage; 2 Am. & Eng. Ency. of Law, 571.)
The contract in question was a promise to pay for solic-
iting and obtaining the performance of the agreement
to marry, and was valid. (Civ. Code, secs. 1550, 1595,
1667; *In re Garcelon,* 104 Cal. 591; *Printing etc. Co.* v.
*Sampson,* 19 L. R. Eq. Cas. 465; *Conner* v. *Stanley,* 65
Cal. 183; *Smith* v. *Allen,* 5 Allen, 458; 81 Am. Dec.
758.)

*Van R. Paterson,* for Respondents.

The contract upon which the counsel have declared is in every essential feature a marriage brokerage contract, and it is void. (*Williams* v. *Gibson,* 2 Schoales & L. 356; *Crawford* v. *Russell,* 62 Barb. 97; Story's Equity Jurisprudence, sec. 260; *White* v. *Equitable etc. Union,* 76 Ala. 258; 52 Am. Rep. 325; *Overman* v. *Clemmons,* 2 Dev. & B. 190; *Fuller* v. *Dame,* 18 Pick. (Mass.) 472; *Johnson* v. *Hunt,* 81 Ky. 321; *Holman* v. *Johnson,* 1 Cowp. 343; *Holladay* v. *Patterson,* 5 Or. 180; *Richardson* v. *Crandall,* 48 N. Y. 348; *Duval* v. *Wellman,* 124 N. Y. 160; *Hall* v. *Potter,* 7 Lev. 411; *Cole* v. *Gibson,* 1 Ves. Sr. 506; *Kreamer* v. *Earl,* 91 Cal. 112; *Morrill* v. *Nightingale,* 93 Cal. 452; 27 Am. St. Rep. 207.)

HARRISON, J.—This action was brought to recover certain moneys, which it is alleged the defendant promised to pay to the plaintiff if she would use her influence in endeavoring to induce a certain person to marry the defendant, and should be instrumental in bringing about such marriage. It is alleged that, in consideration of said promise by the defendant, the plaintiff did endeavor to persuade said person to marry the defendant, and was instrumental in bringing said marriage about, and that the defendant has failed to keep her promise, and has not paid the money agreed by her to be paid.

The rule that a marriage brokerage contract is invalid, as being contrary to public policy, and that the services rendered under such contract are without legal consideration, and are incapable of forming the foundation of an action for their recovery, is so elementary that but very few cases involving the question have found their way into the reported decisions; but whenever the question has been presented, courts have invariably declared that the action could not be maintained. (Story's Equity Jurisprudence, sec. 261; 2 Parsons on Contracts, *74; Greenhood on Public Policy, 478; *Williamson* v. *Gihon,* 2 Schoales & L. 357; *Craw-*

*ford* v. *Russell*, 62 Barb. 92; *Duval* v. *Wellman*, 124 N. Y. 159; *Johnson* v. *Hunt*, 81 Ky. 321.)

It is sought to distinguish the present case from those in which the rule has been laid down by the fact that here there was an existing agreement for marriage between the parties, and that the agreement with the defendant was only for the purpose of promoting the carrying out of that agreement. We are of the opinion, however, that this fact does not take the case out of the above rule. The same reasons by which the rule is upheld control here. The freedom of choice essential to a happy marriage, and the voluntary selection by each spouse of the person who is to be his companion for life, with all that is implied in the relation of marriage, are as fully prevented by the employment of a person who is governed solely by mercenary motives, to induce one of the parties to an agreement for marriage to carry it into effect if he has once been disposed to abandon it, as by an endeavor to bring about such an agreement between parties who do not sustain any relation to each other. The basis of the agreement with the plaintiff in the present case is alleged to be the fact that the defendant became apprehensive that the person who had agreed to marry her would not keep his agreement, and it was for the purpose of inducing him to forego whatever purpose he had to abandon such contemplated marriage, that the plaintiff rendered the services for which the action is brought. There can be no difference in principle between services rendered under such an employment and those rendered for the purpose of inducing one to marry another whom he did not previously know.

The court properly sustained the demurrer to the complaint, and the judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.