OUGHTNEY JANGRAW *v.* JOSEPH PERKINS.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed December 19, 1903.

*Mortgage—Marriage Brokerage Contract—Assumptions in
Aid of—Hastening Intended Marriage.*

A contract to hasten an intended marriage is a marriage brokerage
   contract, and void.

A mortgage, conditioned that a third party who is about to marry the
   daughter of the mortgagee shall do so immediately, is a marriage
   brokerage contract and void, when neither the mortgage, nor
   the facts alleged, disclose any reason why such third person
   should marry the daughter, nor why the mortgagor should con-
   cern himself in the matter.

No facts will be assumed in aid of a contract which on its face, and
   on the facts alleged, is a marriage brokerage contract.

APPEAL IN CHANCERY. Heard on demurrer to the bill
of complaint at the March Term, 1903, Washington County,
*Stafford,* Chancellor, presiding. Decree, *pro forma,* overrul-
ing the demurrer, and adjudging the bill sufficient. The de-
fendant appealed. The opinion states the facts.

*Heaton & Thomas* and *Frank S. Williams* for the de-
fendant.

To cause the marriage to happen was the thing that the
defendant was to undertake. A mortgagor always undertakes
to perform the condition of the mortgage. *Tuttle* v. *Armstead,*
53 Conn. 175; *Mitchell* v. *Burnham,* 44 Me. 299; *Cook* v.
*Bartholomew,* 60 Conn. 24. This is a marriage brokerage con-
tract, and so void. *Crawford* v. *Bussell,* 62 Barb. 92; *Johnson*

*Admr.,* v. *Hunt,* 81 Ky. 321; Albany Law Journal, Vol. 48, p. 508; Parsons on Contracts, 5, Ed. Vol. 2, p. 74; Addison on Contracts (Morgan's Ed.) Vol. 3, 441; *Stribble* v. *Brett,* 2 Vernon's Chan. 445; *White* v. *Equitable, etc. Union,* 52 Am. Rep. 325; *Morrison* v. *Rogers,* 56 Am. St. Rep. 95.

Nor does it matter that defendant undertook to carry into effect an existing agreement to marry. *Morrison* v. *Rogers, supra.*

This contract is also void because it is in the nature of a wager contract. *Danforth* v. *Evans,* 16 Vt. 538; *West* v. *Holmes,* 26 Vt. 530; *Chalfant* v. *Payton,* 91 Ind. 202.

*R. M. Harvey* and *E. M. Harvey* for the orator.

This is not a wagering contract any more than if defendant had given orator a bond against the fraud and dishonesty of the man who was going to marry his daughter. This contract does not tend to induce future separation. Greenhood on Public Polity, 483; *Farnum* v. *Bartlett,* 52 Me. 570; *Wyant* v. *Lesher,* 23 Pa. St. 338; *Wright* v. *Wright,* 55 L. R. A. 261; *O'Connell* v. *Noonan,* 1 App. Cas. 332; *Hann* v. *Crickler,* 43 Atl. 1063; *Squires* v. *Squires,* 53 Vt. 208; *Clark* v. *Fosdick,* 6 L. R. A. 132; *Born* v. *Hortsman,* 5 L. R. A. 577; *Richardson* v. *Mellish,* 2 Bing. 229; *Barrett* v. *Carden,* 65 Vt. 431.

STAFFORD, J. A bill in chancery, which is demurred to. The allegations are these:

The defendant being indebted to the complainant in the sum of five hundred dollars, in consideration thereof and to secure the payment of the same, gave him a mortgage on his land with a condition that it should be void if Revett, who was about to marry the complainant's daughter should do so im-

mediately and should for six years support her to the best of his ability and otherwise perform the marriage contract. In the event of Revett's failure in any respect, and three months' notice thereof to the defendant, the latter was to pay five hundred dollars to the complainant in trust for the daughter and any children of her body then living. Revett married the daughter, but in all other respects the condition has been broken. Prayer that the defendant pay the five hundred dollars or be foreclosed. In the Court of Chancery there was a *pro forma* decree adjudging the bill sufficient. The defendant appealed, and insists that there is no equity in the bill because the mortgage is against public policy and void, in that it placed the defendant under the obligation, or at least the financial inducement, to bring about or hasten a marriage between Revett and the complainant's daughter. Neither the mortgage nor the bill discloses any reason why Revett should have married the person proposed, nor any reason why the defendant should have concerned himself in the marital relations of either.

By the contract, what the complainant said to the defendant was in effect this : "You owe me five hundred dollars, give me a deed of your land to secure the debt and if Revett shall marry my daughter at once, and be for six years her faithful husband, the debt shall be satisfied, otherwise you shall pay me the five hundred dollars to be held in trust for her."

On the other part, what the defendant said to the complainant was this : "I owe you five hundred dollars, and I deed you this land to secure the debt; but if Revett shall marry your daughter at once and be for six years her faithful husband the debt shall be satisfied, otherwise I must pay

you the five hundred dollars to be held by you in trust for her."

This was a marriage brokerage contract, under which the defendant by procuring the immediate marriage of Revett and the complainant's daughter and the faithful performance of the marriage contract on Revett's part for six years, could be relieved of a mortgage debt of five hundred dollars. As such it is void. *Hall and Keen* v. *Potter,* 3 Levinz, 412; *Stribble-hill* v. *Brett,* 2 Vern. Ch. 445; *Duval* v. *Wellman,* 124 N. Y. 156; *Johnson* v. *Hunt,* 81 Ky. 321; *White* v. *Equitable Nuptial Benefit Union,* 76 Ala. 251, 52 Am. Rep. 325; 15 Am. & Eng. Encl. 954.

That Revett was about to marry the daughter makes no difference for a contract to hasten an intended marriage is as obnoxious to the objection as a contract to bring about a marriage between strangers. *Morrison* v. *Rogers,* 115 Cal. 252, 56 Am. St. 95.

If the contract does not mean that the debt itself is to be extinguished in case Revett marries and fulfils his marriage contract, but only that the mortgage shall be extinguished leaving the debt in force, then there was no consideration for the mortgage. The privilege of getting the mortgage alone released would be no inducement to the giving of the mortgage. There is no allegation that the daughter married Revett relying upon the defendant's contract.

The complainant's argument is that if the contract could be supported upon any supposable state of facts we should assume such facts to exist; and suggests that probably the daughter was with child by Revett. But we cannot assume that, nor any other fact not appearing. The contract being on its face and on the facts alleged open to the objection urged, it was the duty of the complainant to bring upon the record,

in traversable form, any claimed facts which might relieve it of the objection.

*The pro forma decree of the Court of Chancery is reversed and the cause remanded with a mandate that the demurrer be sustained and the bill adjudged insufficient and dismissed unless the complainant shall there obtain leave to amend.*