In re Estate of WILLIAM GROBE, Deceased; MARY ALDINGER, Claimant.

**Marriage brokerage contract.** An agreement to pay a third person for conveying such information to a woman whom the promisor desired to marry, as would tend to induce her to become

his wife, is a marriage brokerage contract which cannot be enforced.

*Appeal from Hardin District Court.*— Hon. W. D. Evans, Judge.

Monday, March 13, 1905.

Action on a claim for $230 against an estate. An item of $17 was allowed, and the balance of the claim rejected. The claimant appeals.— *Affirmed.*

*J. H. Scales,* for appellant.

*J. S. Roberts* and *Albrook & Lundy,* for appellees.

McClain, J. The finding of facts by the trial court was that there was a contract between Mrs. Aldinger, the claimant, and the deceased, whereby the latter agreed to pay to the former $200, if she would go to Chicago to see a woman whom he was desirous of marrying, and give her information concerning him, and that claimant went to Chicago in pursuance of this contract, and incurred certain expenses, all at the request of deceased. The court allowed a portion of the claim, which was for money advanced, but denied recovery for compensation on account of services rendered, on the ground that the contract was a marriage brokerage contract, and void as against public policy.

It is well settled that no recovery can be had under a contract for services to be rendered in promoting or bringing about a marriage. Advice and solicitation on the part of a third person with reference to entering into the important relation of marriage are presumed to be given from considerations affecting the interests of the parties themselves, and not for pecuniary reward. It is contrary to public policy to make such advice or solicitation the basis of an agreement to pay money. And the rule is equally ap-

plicable to advice or solicitation with reference to carrying out a marriage contract, as it is with reference to the formation of such contract. " The freedom of choice is essential to a happy marriage; and the voluntary selection by each spouse of the person who is to be his companion for life, with all that is implied in the relation of marriage, are as fully prevented by the employment of a person who is governed solely by mercenary motives to induce one of the parties to the agreement of marriage to carry it into effect, if he has once been disposed to abandon it, as to endeavor to bring about such an agreement between parties who do not sustain any relation to each other." *Morrison v. Rogers,* 115 Cal. 252 (46 Pac. Rep. 1072, 56 Am. St. Rep. 95).

It does not clearly appear in the present case whether the deceased had already a contract of marriage with the woman in Chicago, which he desired the claimant to assist him in bringing about, or whether he was seeking to induce her to enter into a contract of marriage with him. But it is wholy immaterial what was the prior relation between the parties. It is clearly shown that the services to be rendered by claimant under her agreement with deceased, and for which she desires compensation, were to give to the woman whom deceased wished to marry information concerning him which would tend to induce the woman to enter into such marriage relation; and no argument is necessary to demonstrate that this arrangement was a marriage brokerage contract, pure and simple, such as is deemed by the law to be against public policy, and therefore void. *Duval v. Wellman,* 124 N. Y. 158 (26 N. E. Rep. 343); *Fuller v. Dame,* 18 Pick. (Mass.) 472, 481; *Morrison v. Rogers, supra;* 2 Pomeroy, Equity, section 932.

The judgment of the lower court is *affirmed.*