OUGHTNEY JANGRAW ET AL. *v.* JOSEPH PERKINS.

January Term, 1906.

Present: TYLER, MUNSON, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed July 11, 1906.

*Mortgage—Foreclosure—Mortgagor Surety for Third Person—Declarations of Principal—Admissibility.*

A mortgagor who executed a real estate mortgage conditioned for the performance by a third person of the latter's stated agreement with the mortgagee, stands as surety for such third person; and, in a suit to foreclose said mortgage, where the mortgagor defends on the ground that such third person is not liable on said contract, the latter's declarations tending to prove said contract, are not hearsay, and are admissible against the mortgagor.

APPEAL IN CHANCERY, Washington County. Heard at Chambers, December 11, 1905, on pleadings, master's report, and defendant's exceptions thereto. Decree for the orators. The defendant appealed. The opinion states the case.

*Heaton & Thomas* for the defendant.

The testimony of Oughtney Jangraw was hearsay, and so inadmissible. *State* v. *Thibeau,* 30 Vt. 100; *Penniman et al.* v. *Patchen,* 6 Vt. 325; *Ellis* v. *Cleveland,* 55 Vt. 358; *Judevine* v. *Weeks,* 57 Vt. 278; *So. Ex. Co.* v. *Todd,* 56 Fed. 104; *Bell* v. *Staache,* 141 Cal. 186; *McCormick Machine Co.* v. *Cochran,* 64 Mich. 636; *Holman* v. *Rainsford,* 3 Kan. App. 676; *Nat. etc. Bank* v. *Miller,* 131 Mich. 564; *Adams* v. *Elwood,* 176 N. Y. 176; *Ellis* v. *Baird,* 31 Ind. App. 295.

*R. M. Harvey* and *E. M. Harvey* for the orators.

MILES, J. This is a bill in chancery to foreclose a mortgage. It came to this Court twice on demurrer to the bill. First in *Jangraw et al.* v. *Perkins,* 76 Vt. 127. The bill was held insufficient on that occasion and the cause was remanded. The bill was amended and again came to this Court on demurrer to the amended bill, *Jangraw et al.* v. *Perkins,* 77 Vt. 375. The demurrer to the amended bill was overruled and bill held sufficient. The cause was remanded, the bill answered, issue joined and referred to a master who heard the case and made his report to the court below. Exceptions to the report and to the admission of certain evidence were taken by the defendant and were overruled by the court and the report accepted, from which an appeal was taken to this Court.

The facts alleged in the amended bill, among others not necessary to state, may be briefly summarized as follows: That Mary Jangraw, one of the plaintiffs, being pregnant, instituted bastardy proceedings against one, Revett, upon which proceedings he was arrested; that subsequently he procured bail, acknowledged that he was the father of the child and offered to marry the orator, Mary, and fix up the bastardy proceedings in that way; that the father objected to fixing the bastardy proceedings up as thus proposed, unless Revett gave security for the support of the mother and child, but was willing to arrange it and discontinue the bastardy proceedings upon such security being furnished. It was finally arranged that such security should be given and the marriage consummated; that thereupon the mortgage in question was given, the marriage ceremony performed, and the orators relying upon the mortgage and in consideration thereof discontinued the bastardy proceedings.

The defendant in his answer denied all the allegations in the bill except the giving of the mortgage.

The evidence admitted by the master subject to the defendant's exception, and upon which the defendant relies in his brief, is the testimony of Oughtney Jangraw, who testified in substance that Revett offered to marry the orator, Mary, and admitted that he was the father of her child, but he, Oughtney, could not consent to the marriage of his daughter unless Revett gave him some security, and that Revett said he could get it.

Exceptions were taken by the defendant to the admission of other evidence, but the defendant has not considered them in his brief, and, from what is brought to our attention in those exceptions, we see no error. The only question then, is, was the admission of Jangraw's testimony error.

The ground of objection urged by the defendant is, that it was the declaration of a third party made in the absence of the party sought to be bound by it and was hearsay evidence.

Reverting to the allegations of the bill and the issue joined thereon by the answer and replication, we find it distinctly alleged and denied that the mortgage was given to *secure* the faithful performance of the agreement between Revett and the orators, relative to the marriage of the orator, Mary, her support and that of the child and the discharge of the bastardy proceedings. The master has found upon that issue, that Revett, orators and defendant met at Mr. Senter's office in Montpelier, Nov. 8, 1901, and then and there, in the presence of the defendant, the agreement for the marriage of Mary and support of herself and child and discontinuance of the bastardy proceedings, was made, and the mortgage was given as security for the performance of that agreement. The condition of the mortgage also clearly shows the same. The defendant therefore stood as surety for Revett, who occupied

the position of principal. Now, this relation existing, the declarations of Revett, the principal, were not hearsay. They were the declarations of the party whom the surety represented in making that defence, binding the surety to the same extent as the principal. *Richardson* v. *Hitchcock,* 28 Vt. 757; *Wilson* v. *Green,* 25 Vt. 450; *Brown* v. *Munger,* 16 Vt. 12; *Campbell* v. *Moulton,* 30 Vt. 667.

The defendant raises no question but that the evidence was material and tended to prove the contract in dispute and in issue under the pleadings; hence having undertaken to defend on the ground that Revett is not liable on the contract claimed by the orators, he stands affected with declarations of Revett to the same extent that Revett would be if he were defending on the same ground. He stands in Revett's shoes in making such defence.

The same question is presented as would have arisen had the mortgage been given to secure the note of Revett, which the defendant attempted to show was paid or otherwise discharged. In such case the rule is well settled that the declaration of the principal binds the surety to the same extent that it would himself. The declaration of Revett that the note was still due and owing and was not paid nor discharged, was under such circumstances admissible. See authorities above cited.

*Decree affirmed and remanded.*