## HANOVER COBB v. WILLIAM HALL.

### Tender. Renewal of contract.

When the two parties to a contract are required by it to do concurrent acts, those on one side being the consideration for those on the other, it is not necessary that one of the parties, in order to secure a right of action against the other, should make a formal and express tender of performance on his part, if he show that he made no default himself, that he was ready and willing to perform his part of the contract, that this was well understood by the other party, and that the latter, notwithstanding, refused to perform on his side.

Therefore, if one party is entitled to a deed of land from the other on payment to the latter of a certain sum of money, and makes a definite and *bona fide* offer of performance, but the latter absolutely refuses to accept and perform on his part, this will dispense with the necessity for an actual production and tender of the money by the former.

A mere offer to perform by the latter, after suit brought against him by the former, to recover back money paid under the contract on account of the latter's prior refusal to perform, will not put the latter in any better position than he would have been if he had not made the offer.

The plaintiff abandoned a contract for the purchase of real estate, which was not in writing, and sued the defendant to recover back the money he had paid under it towards the purchase, but was unsuccessful in the suit, judgment being rendered against him. Subsequently he brought the present suit against the same defendant to recover the same money, on the ground that since the first action he had tendered the money remaining due under the contract to the defendant, and demanded a deed, which the defendant refused; *Held,* that as the plaintiff had repudiated the contract by the first suit, to entitle him to recover, he must show a subsequent consent between the defendant and himself to renew the contract and treat it as still binding, and the money already paid as paid towards the price of the land under it.

*Held,* also, that as it appeared that the plaintiff had in fact made a sufficient and *bona fide* offer to perform on his part, and that the defendant had refused, and as the defendant testified that he had always been ready and willing to perform on his side, and only denied that such offer had been made by the plaintiff, this admitted readiness on both sides to treat the contract as still subsisting, although not fully expressed to each other, and was sufficient to entitle the plaintiff to recover.

ASSUMPSIT on the general counts. Plea the general issue, and trial by jury at the December Term, 1858,—POLAND, J., presiding.

This was an action to recover the same sum of one hundred

dollars for which a former suit was brought by the same plaintiff against the same defendant. It appeared on the trial of the first case that one James Drown sometime prior to May, 1855, purchased a piece of land in Sheffield, paid a portion of the purchase money down, and procured the defendant to pay the balance, who on doing so, took the deed of the premises to himself; that Drown resided on the premises, and on the 13th of May, 1855, the plaintiff made a verbal contract with him to purchase the premises of him for four hundred and fifty dollars, to pay one hundred dollars thereof down, and secure the balance by his notes and mortgage on the premises. The plaintiff testified that he objected to giving the notes and mortgage to the defendant, and that James Drown agreed that they should be given to his brother, Horace Drown; that the defendant was satisfied therewith, and on the plaintiff's objecting to paying the one hundred dollars to Drown, as he was not responsible, said he might pay it to him, and he would deed according to the contract when he went to Sheffield, where his deed was, and the plaintiff accordingly paid the one hundred dollars to the defendant. It further appeared that the defendant went the next day to Sheffield, and tendered a deed of the premises, duly executed by him, to the plaintiff, and demanded the plaintiff's notes and a mortgage to secure them, but the plaintiff declined to receive the deed and execute the notes and mortgage, for the reason, as he testified, that the defendant demanded them to himself, instead of to Horace Drown, according to the contract. The defendant gave evidence conflicting with the above, which it is not necessary here to set forth. The county court charged the jury, in substance, that if the contract was that the notes and mortgage were to be given to Horace Drown, and James Drown or the defendant refused to have them so executed, the plaintiff might refuse to go on with the contract, and recover back the one hundred dollars paid; but if there had been no breach of the contract by the defendant or James Drown, the plaintiff could not recover the sum back; and the jury returned a verdict for the defendant. The case was carried to the supreme court, where the judgment of the court below was affirmed, and is reported in Vol. 29 of the Vermont Reports, page 510, to which reference is made for a

more detailed statement of the facts appearing on the trial. The same facts proved on that trial were substantially proved or admitted by the parties in the present case.

The plaintiff then gave further evidence in this case, tending to prove that in February, 1857, he made an arrangement with one Charles Cobb to let him have the money to pay the defendant the amount which had fallen due for the purchase of the premises in question, and authorized Cobb to offer and pay the amount to the defendant and demand a deed of the premises pursuant to the contract; that Cobb soon after saw the defendant, informed him of the arrangement the plaintiff had made with him, and on behalf of the plaintiff offered to pay to the defendant the amount due, and requested him to convey the premises to the plaintiff pursuant to the contract, but the defendant refused to receive the money or convey the premises. Cobb was a witness, and testified that when he called on the defendant, he had not the full amount of the money with him, nor did he produce and tender any money to the defendant, but stated that he had the money and would have produced and paid it to the defendant if the defendant had not refused to receive the same. The plaintiff also called George W. Cahoon as a witness, who testified that in June, 1857, at the request of the plaintiff, he called on the defendant and informed him that the plaintiff had made arrangements for the money and was ready to pay the defendant the amount which was due upon the premises and was ready to fulfill the contract for the purchase of the same, and requested the defendant to perform the contract and give a deed to the plaintiff accordingly, but that the defendant replied that the plaintiff could not have a deed or the money either. The witness further testified that he had not the money with him at the time, and did not produce or tender any money to the defendant, but stated that he should have procured and paid the money to him if he would have consented to receive it. The plaintiff also called George C. Cahoon, who testified that a few days before the commencement of this suit he called on the defendant, at the plaintiff's request, and made substantially the same offers and requests as testified by George W. Cahoon, and that the defendant made in substance the same answer.

The defendant denied that either of these witnesses ever made any offer to pay him the money due him on the contract, or ever called on him to fulfill the same, but testified that he had always been ready and anxious to fulfill the contract on his part, and accept the money due him and give a deed of the premises, and that he never refused to receive the money and give a deed to the plaintiff. The defendant also testified that a few days after this suit was brought, he tendered a deed of the premises to the plaintiff, who refused to receive the same, and this tender of a deed was admitted by the plaintiff.

The title to the premises remained in the defendant, and there was no evidence of any change in the condition of the property or of the defendant's circumstances in relation thereto.

The defendant requested the court to charge the jury as follows: .

1st. That the plaintiff in the former suit having failed to recover the one hundred dollars, the same should be regarded as a forfeiture, and the defendant is under no obligation to deed at all, the act of the plaintiff rescinding the contract.

2d. That the one hundred dollars having been decided to belong to the defendant by a legal judgment, cannot be sued for again, but the plaintiff should bring his bill for a deed if he wants the land.

3d. That the money due on the contract from the plaintiff should have been tendered before or at the time of demanding a deed.

4th. That the *tender* of a *readiness* to pay, if found by the jury, is not a legal tender of money or performance.

5th. That the defendant having tendered a deed the next day after the second suit (this one) was commenced, will prevent the plaintiff from recovering more than his cost up to that period.

The court charged the jury that the plaintiff having refused to receive a deed of the premises when first offered to him by the defendant, and brought his suit to recover back what he had paid, the defendant might have treated this as an abandonment or rescision of the contract, and refused afterwards to go on with the contract upon that ground, but that as he had not done so, but claimed that he had always been ready and willing on his part to complete the contract, and had never made any objection on account of the lapse of time, he could not rest his defence on that

Cobb *v.* Hall.

ground ; that the real question for the jury was whether the defendant had refused to execute a deed of the premises to the plaintiff upon such demand of a deed by the plaintiff, and such an offer to fulfill that part of the contract to be performed by the plaintiff as he was bound to make before he could claim a deed ; that a demand, to be available, must be made by the plaintiff or some one authorized by him, and if done by a third person, he must state that he acted by the authority, and on the behalf of the plaintiff; that the demand must be accompanied by a distinct offer to perform on the part of the plaintiff, by paying such part of the price as was due, and giving the security that was to be given for the balance, and made with a readiness to perform it and a *bona fide* intention to perform on the plaintiff's part; that the defendant could not be compelled to deed till the money was actually produced to be paid. But if a distinct and definite offer was made to the defendant of performance on the plaintiff's part with a readiness and intention to perform on his part, and the defendant absolutely declined and refused to accept such performance and perform on his part, this would dispense with the actual production and tender of the money ; that the defendant would be entitled to a reasonable time to make a conveyance and perform on his part, unless he absolutely declined or refused to perform, but that in such case he would not be ; that if the jury found that the plaintiff had made such offer of performance as above described, and that the defendant had so refused to perform, then this was such a breach of the contract on the part of the defendant as would entitle the plaintiff to recover the one hundred dollars paid, and interest after such breach.

The defendant excepted to this charge and to the refusal of the court to charge as requested.

Verdict for the plaintiff.

*T. Bartlett,* for the defendant.

*G. C. &. G. W. Cahoon,* for the plaintiff.

REDFIELD, Ch. J.   It seems to have been decided by this court in *Hard* v. *Brown,* 18 Vt. 87, that where one is bound to

give security, as an act concurrent with some duty of the other party, and such security is to be upon real estate, it is not incumbent upon him to tender the deed when the other party absolutely refuses to have anything to do with it, claiming that he was not bound to accept that kind of security. This is put by the court upon the ground that " the law never requires a useless ceremony."

In those cases where the parties are required to do concurrent acts, those upon one side being the consideration for those on the other, it is not required that the one party, in order to secure a right of action against the other, should make a formal and express tender. All that is required. either in proof or in pleading, is that the party claiming a breach upon the other part should show that he made no default himself; that he was ready and willing to perform his part of the undertaking; that this was well understood by the other party, but that the other party, notwithstanding, refused to perform his portion of the contract. This point is expressly decided in *Rawson* v. *Johnson*, 1 East 203, and is recognized in numerous cases referred to in Redf. on Railways 262, note 3 ; 2 Kent Com. 299, and note. It seems to us the facts in this case show a sufficient readiness to perform on the part of the plaintiff, at the time he made the several demands, subsequent to the former action, and that this was sufficiently understood by the defendant, and that his refusal was abundantly shown upon several occasions. At other times he seems to have manifested a willingness to execute a deed, if he could obtain his pay ; but no such evidence is put in this case, until after the commencement of the action, although he testifies that he was willing in fact. That probably could not be allowed to affect this action unless made known to the plaintiff, and a new offer after suit brought is certainly not to put the defendant in any better position than he would have been without it. And he probably should not be placed in any worse condition on that account. We see no reason to question the entire soundness of the views expressed to the jury, in regard to the necessity of a tender on the part of the plaintiff, and also as to what will constitute sufficient readiness and willingness in such cases in parties situated as the plaintiff was.

The only doubt which seems fairly to arise in the case is in

regard to the defendant having done any act since the former adjudication, which ought fairly to deprive him of the effect of the abandonment of the contract thus effectually and conclusively shown on the part of the plaintiff.

The facts evinced, to my mind, by both trials, are briefly these: The plaintiff preferred to give up the contract, if he could recover back what he had paid. This he thought he could do upon such advice as he obtained, and brought his suit for that purpose, relying upon the contract not having been reduced to writing, as so far rendering it inoperative, under the statute of frauds, that he might do this. This court were unable to adopt that view, and held, 29 Vt. 510, that the plaintiff, by repudiating the contract, must lose what he had done towards its performance.

The legal effect of this decision was to leave the plaintiff without any redress, either upon the contract or for the money which he had paid. He could not recover upon the contract; 1st, because it was not in writing ; 2d, because he had not performed it on his part; 3d, because he had formally renounced and abandoned it. The reasons why he could not recover back the money are stated in the report of the case, 29 Vt. 510. After this, to entitle the plaintiff to sue a second time and recover back the money paid, it is obvious some change of facts must be shown, or the decision in 29 Vt. 510 will be conclusive. This change must, as it seems to me, be equivalent to a consent on the part of the defendant, to treat the contract, as still subsisting and open to be performed by the plaintiff, and also to treat the one hundred dollars as paid towards the price of the land, which would follow from renewing it. All this, too, must have occurred before the commencement of this action in order to avail the plaintiff here. And it must have been acceded to by the plaintiff, so as to operrate as a virtual renewal and restoration of the contract to its former status between the parties. For a mere offer on the one side, and a refusal upon the other, to treat the contract as restored will not be binding upon the parties ; such a transaction will end with the offer and refusal. But if one party makes the offer to treat the contract as still subsisting, and the other accedes to the offer, or if in any other way the parties mutually consent to treat the contract as subsisting and binding, and each proceeds to act upon

Cobb *v.* Hall.

such understanding, this operates as a new consideration, and it thus becomes binding upon both parties to the same extent it was originally.

But this is matter of fact, and was not submitted to the jury at all, but is assumed by the court as conceded in the trial, or as if the testimony was all in one direction upon this question. But the defendant's two first requests to charge look exclusively to this question, so that it could not have been abandoned at the trial. And the testimony as to what occurred between the parties before the trial looks very much as if the defendant intended to insist that the plaintiff had so effectually abandoned the contract by the suit to recover back the money, that he could not claim either the money or the land, which was the fact, as the parties then stood, unless the defendant waived it.

But the defendant did testify in the case that he had always been ready and willing on his part to accept the balance of the price and security, and give a deed of the land, and that a few days after this suit was brought he tendered a deed to the plaintiff, who refused to receive it, and this fact was admitted by the plaintiff. This does not seem to amount to more than a denial on the part of the defendant, that the plaintiff offered to perform the contract on his part. What is said of his own willingness to perform seems to be a reason why he knows the plaintiff did not offer to perform, with the additional comfirmation, that he offered to deed since the suit was brought. All this seems to me to come somewhat short of the renewal of the contract. But as it evinces, in connection with the facts found by the jury, of the plaintiff's offer to perform the contract, an admitted readiness on both sides to treat the contract as still subsisting, although not fully expressed to each other, I do not feel that any injustice will be done the defendant by affirming the judgment below, since the jury have found against him all the facts denied by him at the trial; so that his own concessions and the finding of the jury do seem to make a case against the defendant. And it is probably doing the defendant no injustice to assume, and as the court below did, that what he testified to was true, and that he really had always been willing to waive the abandonment of the contract by the plaintiff.