KITSON MACHINE Co. *v.* JOHN S. HOLDEN, Admr.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and
STAFFORD, JJ.

Opinion filed February 27, 1902.

*Sale—Time of payment—Passing of title—Conditional deliv-
ery—Return of goods replevied.*

A contract of sale, which is silent as to time of payment, is for cash on
delivery and before title passes.

When the contract of sale requires the seller to do something to the
goods sold in order to put them into that state in which the pur-
chaser is bound to accept them, and in order to accomplish this
the goods go into the possession of the purchaser, such delivery
is conditional, and the purchaser takes them as bailee rather than
as vendee, unless he has waived this provision of the contract.

The general rules for ascertaining the unexpressed intention of the
parties as to when the title to goods sold shall pass, cannot be
applied when the circumstances repel the inferences and presump-
tions on which those rules are founded.

The holding in *Woolen Co.* v. *Holden,* 73 Vt. 396, is against the de-
fendant's right to a return of the property replevied in this case.

REPLEVIN for certain machinery which the plaintiff was
installing under a contract of sale, in the mill of the defendant's
intestate at the time of his decease, and which the defendant
claimed as part of the assets of his estate.    Plea, the general
issue.    Trial by jury at the December Term, 1899, Benning-
ton County, *Start,* J., presiding.    At the close of the evidence,
the defendant moved for a verdict and an order for the return
of the property.    The court held that under the contract of
sale, payment was to be made on delivery and before title
passed, and that there was no evidence tending to show a
waiver of this right by the plaintiff.    The court ordered a ver-

dict for the defendant to recover his costs, but refused to order a return of the property or to submit the question of its return to the jury, and held that it should not be returned.    The defendant excepted.

*Barber & Darling* for the defendant.

The property was to be delivered f. o. b. Bennington. The intestate took the property into his possession and insured it. These facts afford some evidence that the parties understood that the title passed when the machinery reached Bennington. *Ogg* v. *Shuter,* 11 Moak 316; *Capehart* v. *Improvement Co.,* 49 Am. St. Rep. 60.

The testimony tends to show that the defendant did not care to have the machinery set up.    The setting up of the machinery was solely for the purchaser's benefit.    He had a right to waive it, and his administrator had the same right.    *Cox* v. *Martin,* 65 Am. St. Rep. 604; *Chamberlin* v. *Dunlap,* 22 *Id.* 809.

The whole question was for the jury.    *Towne* v. *Davis,* 66 N. H. 396; *Small* v. *Stevens,* 65 N. H. 209; *Fitch* v. *Burk,* 38 Vt. 683.

ROWELL, J.    This case was heard with the *James Smith Woolen Co.* case against the same defendant, 73 Vt. 396, 51 Atl. 2.

The evidence, other than the documentary, though referred to, is not furnished.    The fair import of the correspondence between the plaintiff and the defendant's intestate, by which the contract is to be ascertained, is, that the plaintiff, a manufacturer of textile machinery at Lowell, Mass., was to furnish the machines in question for so much, delivered free on board at Bennington whenever the intestate desired, and set them up and put them in running order in the intestate's mill there at its own expense, the intestate to furnish necessary help and labor, and pay board of men while erecting machines.

The machines were shipped to the intestate at his special request, made after the contract was completed; the bill of lading was made to him; and the plaintiff prepaid the freight. On their arrival at Bennington, the intestate took them from the cars to his mill, and subsequently took out one or more policies of insurance that in terms covered all the machinery in the mill. The plaintiff sent men to set up the machines and start them, and they were doing that work when the intestate died, but stopped then, and did not resume for some reason not shown by the record furnished. Five days afterwards, the defendant was appointed administrator of the intestate's estate, and nine days after that, this suit was brought, but without previous demand of the property.

The court held that, the contract being silent as to the time of payment, the sale was for cash on delivery and before the title passed, and that there was nothing to show that the plaintiff had waived its right to such payment; but ordered a verdict for the defendant for his costs, for want of demand before suit, but refused to order a return of the property, or to submit that question to the jury; to which holding and refusal the defendant excepted.

The law in respect of a return of the property on a verdict for the defendant that leaves untouched the right of possession, as this verdict does, is fully stated in the *James Smith Woolen Co.* case above referred to, and is against the defendant.

The defendant claims that the contract does not require the plaintiff to set up the machines and put them in running order, but only to bear the expense of it, which the intestate or the defendant could waive; that the sale was complete without that, and that the title passed on delivery at Bennington. But we think it a part of the contract that the machines should be set up and put in running order by the plaintiff, and that it was necessary for it to do that in order to put them into that

state in which the intestate or the defendant was bound to accept them; or in other words, into a deliverable state. The defendant could, of course, waive this, but the record furnished does not show that he did.

The court was right in holding the sale to be for cash, as nothing was said about the time of payment; but whether right in holding that there was nothing to show a waiver of that condition and a consequent passing of the title, needs to be considered.

The defendant claims that as the machines were to be delivered free on board at Bennington, were shipped to the intestate at his request, consigned to him by the bill of lading, the plaintiff prepaying the freight, taken into the intestate's possession, and insured by him as stated,—there was some evidence to show that the parties intended that the title should pass on arrival at Bennington, and that that question should have been submitted to the jury.

If the contract had been fully executed on the part of the plaintiff on such arrival, the circumstances relied upon might have required a submission of that question to the jury. But it was not then fully executed. The plaintiff still had something to do to the machines in order to put them into that state in which the intestate was bound to accept them, and in order to do that, it was necessary that they should go into the intestate's possession as they did. But that was not an unconditional delivery to him as vendee. The time for such a delivery had not come, for the machines were not in a deliverable state. It was a conditional delivery to him, and rather as bailee than vendee, for the purpose of enabling the plaintiff to complete its contract. But the time of payment had not come; and would not, till the plaintiff had fully performed or been released by the intestate from further performance, which it never was, as such performance was in progress when the in-

testate died. Therefore the matter of waiving payment according to the contract and giving credit was not involved in anything that was done, and the circumstances preclude the idea of such a waiver; and it is clear that the intestate did not intend to waive further performance by the plaintiff, and to accept the machines and become bound to pay for them before they were installed, for, as we have said, that was being done when he died.

The general rules for ascertaining the unexpressed intention of the parties as to when title to goods shall pass from vendor to vendee, cannot be applied when the circumstances are such as to repel the inferences and presumptions on which those rules are founded. *Ward* v. *Shaw,* 7 Wend. 404, illustrates this, and is considerably in point here.

*Judgment affirmed.*