## CHARLES R. DAVIS *v.* BOWERS GRANITE COMPANY.

### January Term, 1903.

Present: TYLER, START, WATSON and HASELTON, JJ.

Opinion filed May 16, 1903.

*Chattel mortgage—Contract—Non-performance—Conversion —Damages—Remittitur—Question for Court—Burden of proof.*

In assessing damages for a conversion, it is proper for the jury to consider not only the value of the property at the time of the conversion, but also the time which has elapsed since.

The Court may allow a plaintiff to reduce his verdict by a *remittitur* to the sum declared for.

The consideration of the mortgage not being in question, evidence of the facts and circumstances resulting in its execution was properly excluded.

The construction of unambiguous written evidence is for the Court.

The positive refusal to accept goods in process of manufacture, by one party to an entire contract, excuses further performance or tender of performance by the other.

A defendant, who seeks to justify under a chattel mortgage sale, assumes the burden of proving a breach of the condition of the mortgage.

TRESPASS DE BONIS AND TROVER.   Plea, the general issue and notice justifying under a chattel mortgage sale.   Trial by jury at the December Term, 1901, Caledonia County, *Munson,* J., presiding.   Defendant's motion for a verdict overruled. Verdict for plaintiff.   Judgment on verdict after *remittitur* filed.   The defendant excepted.

*Senter & Senter* for the defendant.

There was no evidence of any damage in excess of one hundred and eighty-five dollars.   If the *remittitur* was to be

allowed, it should have been for all above that sum.  *Tarbell v. Tarbell,* 60 Vt. 493.

The effect of the letters of July 10th and 14th was for the jury.  The burden was upon the plaintiff, who took the affirmative.  25 Albany L. J. 125; 1 Wharton's Ev. 356.

*Taylor & Dutton* for the plaintiff.

It was proper for the Court to allow the plaintiff to remit that part of the verdict in excess of two hundred dollars.  *Ray v. Harrington,* 58 Vt. 181; *Crampton v. Marble Co.,* 60 Vt. 291; *Tarbell v. Tarbell,* 60 Vt. 486; *Giffin v. Barr,* 60 Vt. 599; *Fletcher v. Fletcher,* 72 Vt. 268.  The jury had a right to add to the one hundred and eighty-five dollars a sum equal to the interest.  *Thrall v. Lathrop,* 30 Vt. 307; *Lindsey v. Danville,* 46 Vt. 144; *Clement v. Spear,* 56 Vt. 401; *Taylor v. Coolidge,* 64 Vt. 506.  It will be presumed that the excess was interest.  *Bridgman v. Hardwick,* 67 Vt. 653.

The question was whether the condition of the mortgage had been broken.  The evidence offered by the defendant raised a collateral issue.  Step. Dig. Ev., 24; Greenleaf on Ev., s. 52; *Clark v. Hays & Smith,* 72 Vt. 138; *Rowe v. Bird,* 48 Vt. 578; *Aiken v. Kennison,* 58 Vt. 665.  The burden was on the defendant.  *Shaw v. Peckett,* 25 Vt. 423; *Downing v. Roberts,* 21 Vt. 441; *Collamer v. Drury,* 16 Vt. 574; *Briggs v. Mason,* 31 Vt. 433; *Allen v. Parkhurst,* 10 Vt. 557.

The refusal of the defendant to accept the stone relieved the plaintiff from further performance.  *Amsden v. Atwood,* 68 Vt. 322; *Pioux v. Brick Co.,* 72 Vt. 148; *Durfy v. Worcester,* 63 Vt. 418; *Danforth v. Walker,* 37 Vt. 239; *Durby v. Johnson,* 21 Vt. 17; *Nye v. Taggart,* 40 Vt. 295.  The interpretation of the letters was for the Court.  1 Greenleaf on

Ev., s. 277; *Hodge* v. *Strong,* 10 Vt. 245; *Watson* v. *Rowe,* 16 Vt. 525; *Morse* v. *Weymouth,* 28 Vt. 824.

WATSON, J. This action is trespass *de bonis asportatis* with a count in trover for a horse and wagon. The *ad damnum* is two hundred dollars. The taking and conversion were on the third day of September, 1894. There was no evidence that the property was worth at the time of the conversion more than one hundred and eighty-five dollars, nor to show any damages in excess of that sum. The jury returned a verdict for the plaintiff to recover two hundred four dollars and five cents. After verdict and before judgment, the plaintiff was permitted to remit so much of the verdict as was in excess of two hundred dollars. The defendant moved that the verdict be set aside on the ground that it was not warranted by the evidence, and that it was in contradiction of it. After the plaintiff filed his *remittitur,* the defendant's motion was overruled and judgment rendered for the plaintiff for two hundred dollars. To this the defendant excepted, and thereon he now contends that, as there was no evidence of any damage in excess of one hundred and eighty-five dollars, the *remittitur,* if allowed, should have been for all in excess of that sum.

In assessing the damages, it was legitimate for the jury to consider not only the value of the property at the time of conversion, but also the time which had elapsed since the conversion, to determine the fair compensation to the plaintiff for his injury. *Clement* v. *Spear,* 56 Vt. 401. Under this rule it cannot be said that the damages found were not warranted by the evidence and circumstances of the case, but this action being one sounding merely in damages, the plaintiff could recover no greater sum than he had declared for. It was within the province of the Court to allow the plaintiff to reduce his

verdict to that sum by a *remittitur,* and then to render judgment accordingly. *Tarbell* v. *Tarbell,* 60 Vt. 486; *Crampton* v. *The Valido Marble Co.,* 60 Vt. 291, 1 L. R. A. 120.

The mortgage upon which the property in question was sold by the defendant's officer, together with the order referred to in the condition of the mortgage, designated as No. 8186, sent by the defendant to the plaintiff under date of December 13, 1893, were introduced in evidence. The consideration of the mortgage was not in question. If the condition of the mortgage had been broken, and thirty days had elapsed since the breach, the defendant had a right to sell the property upon the mortgage as he did. If the condition had not been broken, and such time elapsed, he had no right thus to sell it. Whether the condition had in fact been broken, depended upon the terms of the condition and the performance thereof by the plaintiff, and not upon the facts and circumstances resulting in the giving of the mortgage. Therefore, in excluding the evidence offered of such facts and circumstances, there was no error.

The plaintiff's evidence tended to show that the stock used by the plaintiff in cutting the four stones described in the condition of the mortgage was of the quality and kind specified in the contract, and that said stones were completed by him according to the terms of said contract, except the lettering and certain links to be cut on the die; and that as to these matters, defendant had directed plaintiff not to proceed until the stones were completed in all other respects ready for inspection; that, when the stones were completed except in these particulars, plaintiff notified defendant, whereupon defendant's manager inspected the stones; that defendant refused to accept the stones, claiming certain defects which the plaintiff's evidence tended to show did not exist; that by reason of this re-

fusal plaintiff suspended work on the stones; that the stones still remain in plaintiff's yard, and that plaintiff has always stood, and still stands ready to complete the work, and would have done so at that time but for the defendant's refusal to accept.

Letters written by the parties which had a bearing upon the question whether the plaintiff had satisfied the condition of the mortgage by performing his contract, were introduced in evidence. Of the letters so introduced there were two from the defendant to the plaintiff,—one dated July 10, 1894, and the other July 14, 1894. The Court charged the jury in part that the contract imposed in the condition of the mortgage was the entire contract, and the plaintiff could not satisfy the condition of the mortgage without fully completing the contract, unless he was excused from the full completion by some act of the defendant; but, if the stock furnished by the plaintiff was in accordance with the contract, and if the work to be done upon it was completed in accordance with the contract, except the cutting of the three links and the lettering, the positive declaration of the defendant in its letters of July 10 and July 14, above referred to, that it would not accept the "base," would excuse the plaintiff from further cutting and lettering the stone; so his failure to do this would not justify the foreclosure of the mortgage, nor prevent the plaintiff's recovering in this suit. To this portion of the charge the defendant excepted, claiming that, as there was nothing ambiguous about the letters, it was for the jury, and not for the Court, to say whether the plaintiff was warranted, from those letters, in neglecting to complete the job,—that as there was nothing ambiguous about them, it was a question of fact for the jury, and not one of law for the Court; and that, inasmuch as it was an entire contract, the plaintiff must have completed it;

that the evidence was conflicting, but it tended to show that the defendant only told the plaintiff that if he proceeded, he must proceed at his own risk.

The fact that these letters contained no ambiguity did not make them for the jury to construe. It is a general rule that the interpretation or construction of written instruments drawn in language so plain as not to require the aid of extrinsic evidence, is a question for the Court, and to submit such a question to the jury is error. 1 Thomp. on Trials, § 1065. See, also, *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 396, 51 Atl. 2; *Currier* v. *Robinson's Est.,* 61 Vt. 196, 18 Atl. 147; *Gove* v. *Downer,* 59 Vt. 139, 7 Atl. 463; *Wason* v. *Rowe,* 16 Vt. 525; *Mixer* v. *Williams,* 17 Vt. 457.

These two letters expressly state that the defendant will positively not accept the "base," hence in that regard they were properly construed by the Court. If the stock was such as the plaintiff was required to furnish, and the work to be done upon it by him was completed according to contract, except the cutting of the three links and the lettering, when he received these letters, the plaintiff was justified in stopping work. The contract set forth in the conditions of the mortgage was an entire contract, and incapable of severance. When the plaintiff received notice from the defendant that it would not accept the base to the monument, a part of the entire contract, it was in effect a notice that the defendant would not accept the stones specified in the conditions of the mortgage, according to contract. This shows that the non-completion of the contract was not the fault of the plaintiff, and that he was disposed and able to complete it had not the act of the defendant prevented. In that part of the charge excepted to there was no error; for such fault by the defendant should be removed before he can charge the plaintiff with a failure to perform. *Cort* v. *The Amber-*

*gate etc. R'y. Co.,* 17 Q. B. 127; *Raynay* v. *Alexander,* Yelverton, 76.

It is urged, however, that it was the plaintiff's duty to have fulfilled the contract by completing the job and tendering it to the defendant. But if the defendant refused to accept the stones according to the contract, the law did not require of the plaintiff the useless ceremony of thus making a tender. *Hard* v. *Brown,* 18 Vt. 87; *Cobb* v. *Hall,* 33 Vt. 233.

The defendant requested the Court to charge that the burden of proof was upon the plaintiff to show that the work was completed according to the terms of the contract. This request was not complied with, but instead thereof, the Court charged that the burden of proof was upon the defendant to show there was a breach of the conditions of the mortgage. An exception was taken to the neglect to charge as requested, and to the charge as given in this behalf. To make out his case, the plaintiff need show no more than that the defendant committed the act which, in the absence of excuse or justification, constituted in law a tort to him. If facts existed which would justify the defendant in his act, even though they would show that he had committed no tort, such facts would constitute an affirmative defense, and the burden was upon the defendant to allege and prove them. Hence in the refusal thus to charge, and in the charge as given there was no error. *Bosworth* v. *Bancroft,* 74 Vt. 451, 52 Atl. 1050.

No other exceptions being relied on in the defendant's brief, *judgment is affirmed.*