Burlington Paper Stock Company *v.* H. Diamond.

May Term, 1914.

Present: Powers, C. J., Munson, Watson, Haselton and Taylor, JJ.

Opinion filed October 14, 1914.

*Sales—Breach of Contract—What Constitutes—Action of Buyer —Construction of Contract—Exclusion of Evidence— Grounds of Review—Direction of Verdict—Presumption.*

Where a contract of sale makes payment and delivery concurrent, the buyer can recover for the seller's failure to deliver only by showing that, to the seller's knowledge, the buyer was ready and willing to perform his part of the contract, and that, notwithstanding, the seller refused to perform his part.

On review of the direction of a verdict for plaintiffs, it will be presumed unless the contrary appears, that the undisputed evidence entitled plaintiffs to recover.

The provision in a contract for the sale of iron that, "if there are no railroad scales at the stations named, the iron may be weighed

on the town scales" contemplated a weighing by a disinterested party; and so the buyer's mere refusal to accept the weight found by the seller's weighing on the town scales the iron at a station where there were no railroad scales did not justify the buyer in treating the contract as rescinded.

Where a contract for the sale of iron made payment and delivery concurrent, the buyer's failure to pay for a carload of iron on demand and according to a weight ascertained contrary to the requirement of the contract was not a breach of the contract, especially where the seller, because of such non-payment, thereafter refused to deliver any of the iron.

Where a contract of sale was silent as to the time of payment the seller was entitled to payment on delivery, nothing to the contrary appearing.

Where excluded evidence was offered below for one purpose, it cannot be claimed on review that it was admissible for another purpose.

In a buyer's action for breach of a contract for the sale of iron, where the seller justified because of the buyer's refusal to accept a carload of the iron at a weight ascertained by the seller before it was loaded, and there was no issue as to the weight of the car, evidence that the car had been weighed when empty was properly excluded.

ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1908, Chittenden County, *Waterman*, J. presiding. Verdict directed for the plaintiff, and judgment thereon. The defendant excepted. The opinion states the case.

*Nelson L. Boyden* and *Sherman R. Moulton* for the defendant.

*V. A. Bullard* for the plaintiffs.

TAYLOR, J. This is an action of assumpsit for the alleged breach of the following contract: "This agreement by and between the Burlington Paper Stock Co. of Burlington and H. Diamond of Randolph, Vermont, witnesseth that said Diamond has sold this day to the said Paper Stock Co. all the mixed iron free from No. 2 iron that is owned by said Diamond in Randolph, Bethel and Stockbridge, Vermont, to be delivered F. O. B. on board the cars at stations of Randolph, Bethel and

11

Stockbridge, each car to contain fifteen. gross tons of iron. Cars to be weighed empty previous to being loaded, for which said Paper Stock Co. agrees to pay said Diamond ten dollars ($10.00) per net ton.    The said Paper Stock Co. has paid down on said trade fifty dollars to bind the bargain and the same has been received by said Diamond.    If there are no railroad scales at the stations named, the iron may be weighed on the town scales.

Dated at Burlington, Vermont, this 1st day of October, 1906.''    This agreement was signed by both parties and witnessed by one Hawkins.

The exceptions state that it appeared that the defendant owned iron located at the various points named in the contract; that he loaded a Central Vermont car with iron at Randolph where there were no railroad scales; that defendant notified the plaintiffs that the car was loaded and ready for shipment; that Grossman, one of the plaintiff firm, went to Randolph to inspect it; that he refused to accept the weight as found by the defendant and proposed that the iron should be weighed on its arrival at its destination; that defendant refused to allow the iron to be shipped until it was paid for; that plaintiffs did not pay and thereupon defendant refused to deliver either that carload or any other of the iron.

At the close of the evidence the court directed a verdict for the plaintiffs to which the defendant excepted.    The testimony is not referred to and the case shows no more than we have detailed above.    The defendant claimed that the plaintiffs had broken the contract by refusing to accept the first carload of iron and insisted that he had a right to go to the jury upon this question.

It does not appear how the contract was construed by the court below as to terms of payment.    The defendant treated it as severable in his demand for payment and naturally would maintain that position on the trial.    The plaintiffs concede that it was a sale for cash on delivery.    There being no exception to the charge of the court, it is fair to assume that the court adopted the defendant's -view in that regard.    In the circumstances we have no occasion to consider whether the contract is entire or severable but will regard it as severable, as it has apparently been treated hitherto.

The defendant argues that he was not bound to deliver the iron after notice that the plaintiffs would not abide by the terms of the contract. While a renunciation of the contract by the plaintiffs, or a refusal to perform its requirements, would excuse the defendant from performance on his part, it does not follow that the plaintiffs' refusal to accept the defendant's weight of the iron or their neglect to pay therefor as demanded would amount to a refusal to abide by the terms of the contract. The question is, does the case show that the court below erred in directing a verdict for the plaintiffs? The contract required of the parties concurrent acts. The defendant was required to deliver the iron on board the cars at the Randolph station and the plaintiffs were required to accept and pay therefor at the rate of ten dollars per net ton weighed on the town scales. To recover on account of a breach of the contract by the defendant the plaintiffs must show that they made no default themselves; that they were ready and willing to perform their part of the contract; that this was well understood by the defendant; that, notwithstanding, the defendant refused to perform his part of the agreement. *Cobb* v. *Hall,* 33 Vt. 233, 238. On review the presumption in support of decision below is that the undisputed evidence entitled the plaintiffs to a recovery, and it is incumbent upon the defendant to make the contrary appear.

The case does not show affirmatively that the plaintiffs broke the part of the agreement by them to be performed, or in other words refused to accept and pay for the first carload on delivery, or offer of delivery, in accordance with the terms of the contract. Grossman's refusal to accept the defendant's weight was not such a breach of the contract. The provision for weighing the iron "on the town scales" does not amount to an agreement to accept the defendant's weight, although he used the town scales. It contemplated a weighing by a disinterested party with the check upon error or fraud that such weighing would afford. If the plaintiffs refused to accept the weight when ascertained in this manner they would thereby renounce the contract so as to justify the defendant in treating it as rescinded. *Fletcher* v. *Cole,* 23 Vt. 114. But the case comes short of showing that fact. Nothing more appears than that the iron having been weighed by the defendant upon the town scales, Grossman refused to accept the weight as

found, or, in other words, claimed by the defendant. We are not at liberty to infer that the weight claimed by the defendant was procured in the manner contemplated by the contract.

Whether or not the plaintiffs elected to terminate the contract because of the defendant's failure to comply with it in regard to the weighing does not appear. However that may be, they would still not be in fault by reason of what followed. The case states that the defendant refused to allow the iron to be shipped until it was paid for; that the plaintiffs did not pay for it and thereafter defendant refused to deliver either that carload or any other of the iron. Taken in connection with the failure of the defendant to have the iron weighed as provided in the contract, the failure of the plaintiffs to pay therefor as demanded would not amount to a breach of the contract. The contract being silent as to the time of payment and nothing to the contrary appearing, the defendant would be entitled to payment on delivery. *Cleveland* v. *Pearl*, 63 Vt. 127, 21 Atl. 261, 25 Am. St. Rep. 748; *Turner* v. *Moore*, 58 Vt. 455, 3 Atl. 467; *Kitson Machine Co.* v. *Holden*, 74 Vt. 104, 52 Atl. 271. He would not be entitled to payment before delivery any more than plaintiffs would be entitled to delivery before payment. Neither had agreed to give credit to the other.

To put the plaintiffs in fault for neglecting to pay for the iron it would be necessary in the circumstances of this case that the defendant let it be known that he was ready and willing to perform his part of the contract. He should couple, with his demand for payment what would amount to an offer to deliver upon payment. For aught that appears, he did not offer to have the weight of the iron ascertained in accordance with the contract; and he may have insisted upon payment on the basis of his own weight and without the concurrent offer of delivery. Indeed, the fair inference to be drawn from the exceptions is that he met Grossman's proposition to have the iron then in question weighed at its destination with the refusal to let it be shipped (in other words to deliver that carload) unless the plaintiffs first paid for it on the basis of his weight; and, on Grossman's failure to accede to his demand, refused to deliver any of the iron. The inference in these regards being against the defendant, the case fails to show that the plaintiffs were first in fault.

The exception to the action of the court in directing a verdict cannot be sustained.

For the purpose of showing what the understanding of the parties was at the time the contract was made in regard to the terms of payment the defendant offered to show the conversation between the defendant and Grossman relating to that matter. The evidence was excluded and the defendant allowed an exception. It is now argued that the excluded evidence would show that the written contract was modified by an oral agreement as to the terms of payment after it was signed. The offer was to show the understanding of the parties at the time the contract was made. So far as appears, the claim now made was not urged in the court below and the case fails to show that the conversation was subsequent to the signing of the written agreement. Neither does it show a sufficient offer upon which to predicate the exception. The defendant is not in position to avail himself of this exception. Moreover, the defendant was not harmed; for the conversation, if subsequent to the signing of the agreement was in harmony with it and would have shown that the parties gave the same construction to the contract as to the time of payment that the law gives.

The court did not err in excluding the evidence offered by the defendant concerning the practice of the Central Vermont Railway Company in weighing its freight cars and stenciling the weight thereon before putting them into service. It was offered as tending to show that the car loaded with iron at Randolph had been weighed when empty previous to being loaded. The plaintiffs were not complaining of the defendant's failure in that regard; besides, there being no railroad scales at Randolph, the weight of that particular iron was to be ascertained without reference to the weight of the car; and so the weight of the car was of no consequence. The contract required no such needless action on the part of the defendant.

*Judgment affirmed.*