W. A. HAMBLETON *v.* U. AJA GRANITE COMPANY.

October Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 20, 1922.

*Contracts—What Is Necessary to Show Default—Offer to Perform—Question for Jury—Effect of Refusal of One Party to Perform—Failure to Brief an Exception—Briefing Question Not Raised Below—Instructions to Jury—Supplemental Charge—Exceptions to Instructions—Modifications of Contract by Parol Agreement—Waiver—Cross-examination as a Party—Delivery of Check as Consideration of a Contract—Evidence As to Conceded Facts—Impeaching Evidence—Necessity of Stating Grounds of Exception—Offer of Evidence—Sales—Evidence As to Railroad Requirements for Shipments—Exceptions Inadequately Briefed.*

1. In the case of concurrent and dependent promises, neither party can put the other in default without doing what amounts to notice that he is ready and willing to perform, but this rule does not apply when, to one party's knowledge, the other party has put it out of his power to perform, and, for that reason, the former neglects or refuses to perform or tender performance, as the law never required performance of a vain and idle ceremony.

2. In an action by a buyer for breach of contract of sale, the evidence was conflicting as to whether defendant, the seller, had the jobs completed and ready for shipment as agreed and gave seasonable notice thereof to the plaintiff, or, by its failure to complete the jobs within the required time had put performance of the contract out of its power, and as the question of whether plaintiff should have tendered performance depended upon these controverted facts, which were for the jury to determine, defendant's motion for a directed verdict on the ground that plaintiff had failed to show himself ready and willing to perform, was properly overruled.

3. A positive and unequivocal refusal to perform, made at maturity or before, if not seasonably withdrawn, excuses performance or tender thereof, by the other party, as does also a refusal to perform except upon compliance with an unwarranted condition or demand.

4. On exception to the overruling of a motion to set aside a verdict, where the question briefed is not the one specified in the motion, neither will be considered.

5. In an action by a buyer for breach of a contract of sale, an instruction that the defendant was not obliged to deliver goods without being paid for them, and that the plaintiff was not required to pay for them before delivery, but that delivery and payment were acts to be concurrently performed, to which defendant excepted claiming that the jury should have been instructed that the defendant was not required to let the jobs "go out of his possession or control" until he had his pay for them, *held* not misleading, as the word "deliver," as used, implied a release of both possession and control, and must have been so understood.

6. Error, if any, in an instruction to the jury to which the defendant excepted, was cured by a supplemental instruction on the same subject to which no exception was taken.

7. An exception to instructions to the jury which fails to point out any specific defect therein is too general to be availing.

8. A simple contract, not within the Statute of Frauds, though written, may be modified by a parol agreement, but a contract within the Statute cannot be modified by an unwritten agreement.

9. A parol modification of a written contract may be binding as a waiver when used in defense merely as such.

10. A person not a party to an action and not one for whose benefit it was brought, although a general agent of one of the parties, is not subject to cross-examination as a party under G. L. 1898.

11. The delivery of a check in accordance with the terms of a contract is a consideration for the promises made therein upon condition that such check be delivered.

12. Where a party to an action conceded certain facts, the trial court was not bound to take time to hear evidence to establish such facts.

13. Where part of a letter was admitted for impeaching purposes only, the exclusion of the other part, which did not modify, qualify, or explain the part admitted, was proper against the contention that the whole letter should go in if any part of it was admitted.

14. In reviewing an exception to the exclusion of evidence the Supreme Court will not consider a ground of admission not specified at the trial.

15. Where a trial court makes inquiry as to the purpose of evidence sought to be introduced, it is not enough for counsel to reply that it is offered to show the fact, but an evidentiary relation between the fact covered by the offer and the issues being tried must be pointed out.

16. In an action by a buyer for breach of contract of sale, testimony of the freight agent to the effect that the railroad company required all granite to be boxed and strapped as a prerequisite to acceptance for transportation was admissible, as it bore upon what the seller was required to do to have the work ready for shipment.

17. Exceptions inadequately briefed will not be considered.

ACTION OF CONTRACT. Answer: Statement of facts relied upon in defense, and complaint in set-off based thereon. Trial by jury at the September Term, 1921, Washington County, *Moulton, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Edward H. Deavitt* and *Fred L. Laird* for the defendant.

*Theriault & Hunt* for the plaintiff.

POWERS, J. Upon the retrial of this case, verdict and judgment were for the plaintiff, and the defendant here alleges error. Reference may now be had to *Hambleton* v. *U. Aja Granite Co.,* 95 Vt. 295, 115 Atl. 102, for such essential facts as are not herein specified. At the close of the evidence, the defendant moved for a verdict on the ground that the plaintiff had failed to show that he was ready and willing to accept and pay for the five jobs in question, when and as required by the modified contracts.

[1] That the evidence disclosed an arrangement under which payment and delivery were acts to be concurrently performed by the respective parties is not denied. And the law unquestionably is that in the case of concurrent and dependent promises, neither party can put the other in default without doing what amounts to giving notice to that other that he, himself, is ready and willing to perform. *Jones* v. *Marsh,* 22 Vt. 144; *Faulkner* v. *Hebard,* 26 Vt. 452; *Cobb* v. *Hall,* 33 Vt. 233; *Amsden* v. *Atwood,* 68 Vt. 322, 35 Atl. 311; *Burlington Paper Stock Co.* v. *Diamond,* 88 Vt. 160, 92 Atl. 19. But this rule does not apply when, to the party's knowledge, the other party has put it out of his power to perform, and, for that reason, the former neglects or refuses to perform or tender performance. *Packer* v. *Button,* 35 Vt. 188; *White* v. *Lamiere North Am. Co.,* 79 Vt. 206, 64 Atl. 1121, 6 L. R. A. (N. S.) 807. In such a case, an offer to perform would be a vain and idle ceremony, which the law never requires. *"Lex neminem cogit ad vana seu inutilia,"* says the maxim. Broom, 252; *Hard* v. *Brown,* 18 Vt. 87.

[2] While there was evidence tending to show that the five jobs in question were finished and ready for shipment on April 1, 1919, the time agreed upon, and that notice thereof was season-

ably given to the plaintiff's agent, there was also evidence to the contrary. That of the plaintiff tended to show that, by its failure to complete the jobs within the time specified, the defendant had put it out of its power to perform, for which reason the plaintiff made no offer to perform.

Here, then, was a controversy over the very facts that controlled the application of the rule contended for by the defendant. So the court below could not say, as matter of law, that it did or did not apply; for that depended upon how the jury found the controlling facts.

[3] Moreover, a positive and unequivocal refusal to perform, made at maturity or before, if not seasonably withdrawn, excuses performance or tender thereof, by the other party. *Durkee* v. *Vt. Cent. R. Co.*, 29 Vt. 127; *Emack* v. *Hughes*, 74 Vt. 382, 52 Atl. 1061; *Davis* v. *Bowers Granite Co.*, 75 Vt. 286, 54 Atl. 1084; *Ellis' Admr.* v. *Durkee*, 79 Vt. 341, 65 Atl. 94; *Temple* v. *Duffy*, 96 Vt. 114, 117 Atl. 101.

So, too, a refusal to perform except upon compliance with an unwarranted condition or demand works the same result. *Amsden* v. *Atwood*, 68 Vt. 322, 35 Atl. 311; *Hamilton* v. *McLaughlin*, 145 Mass. 20, 12 N. E. 424; *Indiana Bond Co.* v. *Jameson*, 24 Ind. App. 8, 56 N. E. 37; *Lewis* v. *Lee*, (Ind. App.) 130 N. E. 443.

The evidence was such that the jury would have been warranted in inferring that the defendant refused to complete these jobs. The time to which this line of testimony related was somewhat obscure, but it cannot be said, on the record, that it could not relate to April 1, or a previous date. And there was also evidence tending to show that the defendant refused to ship these jobs, though completed, unless the plaintiff paid the defendant an old bill not covered by the modified contracts. This evidence surely referred to a time within the term of the contracts.

In this situation of the evidence, though there was much to controvert it, the court could not, for reasons already stated, grant the defendant's motion for a verdict.

[4] The defendant filed a motion to set aside the verdict, and saved an exception when the same was overruled. This exception merits little consideration. So far as the verdict being unsupported by the evidence and contrary to the court's instruc-

tions is concerned, the only point made in the brief is the lack of evidence of a readiness and willingness to perform on the part of the plaintiff. For reasons already given this ground is unavailing. So far as the matter of damages is involved, it is enough to say that the question briefed is not the one specified in the motion, so neither is for consideration here, as we have, in effect, said many, many times before.

[5]  The court charged the jury that the defendant was not obliged to deliver the jobs, either by actual shipment or otherwise, without being paid for them; that the plaintiff was not required to pay for them before delivery, but that delivery and payment were acts to be concurrently performed. To this instruction the defendant excepted for that the jury should have been instructed that the defendant was not required to let the jobs "go out of his possession or control" until he had his pay for them. But we do not think the jury could have misunderstood the charge as given. The word "deliver" implies a release of possession or control. As used here, it implied a release of both, and must have been so understood.

[6]  The defendant excepted to the charge on the ground that the jury should have been instructed that the notice that the goods were ready for shipment was, under the contracts, to be given to F. W. Bancroft, the plaintiff's eastern representative, and to no one else. Thereupon, the court instructed the jury that such a notice given to Bancroft would be as effective as if given to the plaintiff, himself. To this supplemental instruction, no exception was taken. So the error, if any, was cured. *Davis* v. *Central Vermont Ry. Co.*, 88 Vt. 460, 92 Atl. 973; *Bonazzi* v. *Fortney*, 94 Vt. 263, 110 Atl. 439.

[7]  The defendant also excepted to the charge "as to shipment to the railroad company." No specific defect therein was pointed out, and in the colloquy that followed the whole matter was evidently forgotten, for it was not again referred to. The exception was too general to be availing. *Fitzgerald* v. *Metropolitan Life Ins Co.*, 90 Vt. 291, 98 Atl. 498; *In re Chisholm's Will*, 93 Vt. 453, 108 Atl. 393; *In re Healy's Will*, 94 Vt. 128, 109 Atl. 19.

The defendant offered to show that shortly before April 1, 1919, it was agreed between the parties, acting by their respective agents, that the defendant should extend the time of payment of

certain bills, then overdue, for granite jobs not covered by the writing of February 19, 1919; that the plaintiff should make payment of such old bills, together with the bills for the five jobs here in question, before said five jobs were shipped; that the parties treated the contract as thus amended as subsisting until about May 15, 1919, when the plaintiff refused to make the payments specified until the five jobs had been shipped for forty-eight hours; that on the occasion last specified, the defendant notified Bancroft that he was ready to ship the five jobs upon payment being made as above. The defendant's answer having been amended to cover the offer, the same was excluded and the defendant excepted. The foregoing was included in successive offers, but for convenience, these are treated as one.

[8]   The ground on which this ruling was made was that a contract within the Statute of Frauds cannot be modified by parol; and this is the only question discussed here. It was not suggested below, nor is it now suggested that the contracts in suit were not within the Statute, and so, not within the rule invoked by the plaintiff. But, lest others be misled, we ought to say, in passing, that these contracts were not within the Statute of Frauds. This satisfactorily appears by *Forsyth* v. *Mann Bros.*, 68 Vt. 116, 34 Atl. 481, 32 L. R. A. 788, which was decided upon full consideration and discussion. See, also, *Mattison* v. *Wescott*, 13 Vt. 258; *Ellison* v. *Brigham*, 38 Vt. 64. And it is well settled that a simple contract not within the Statute, though written, may be modified by a parol agreement. *Flanders* v. *Fay*, 40 Vt. 316; *Frost* v. *North British Ins. Co.*, 77 Vt. 407, 60 Atl. 803; *Powers* v. *Rutland R. Co.*, 88 Vt. 376, 92 Atl. 463.

But, as stated above, this point was not made below; consequently, we cannot without compelling reasons, at least, consider any question other than the one passed upon there. That question was correctly ruled. A contract within the Statute cannot be modified by an unwritten agreement. This is established by *Dana* v. *Hancock*, 30 Vt. 616, and was re-affirmed by Judge Kellogg in *Packer* v. *Steward*, 34 Vt. 127.

[9]   The defendant urges that when used in defense such a modification is binding. When used as a mere waiver, it may be. But the modification here in question was not relied upon as a waiver. The court had said that the sole issue in the case was whether the jobs were ready by April 1; and this was

not denied or questioned by the defendant. And it was at this very time stated by the court, and not denied by the defendant, that the question of waiver was not in the case, not having been pleaded. The court, then, was justified in understanding that the ground of waiver was outside the issues and the offered testimony irrelevant and inadmissible.

The modification being unavailing, so much of Bancroft's testimony as related to his refusal on or about May 16, 1919, to pay for the goods until they had been shipped for forty-eight hours, and the plaintiff's letter of May 17, 1919, were properly excluded. Such evidence had no bearing upon any issue in the case.

[10]   Bancroft was neither a party to the action nor a person for whose benefit it was brought, so the defendant's claim that it had a right under G. L. 1898 to cross-examine him was wholly unfounded.

[11]   The defendant excepted to the admission of the writing of February 19, 1919, and the check for $211 delivered to the defendant at that time. The only ground urged in support of this exception is that the agreement evidenced by the writing was without consideration. But the delivery of the check was a consideration, and this exception is without merit.

[12]   The court excluded the two contracts covering jobs No. 30811 and No. 31076, for which liability was conceded, and the defendant excepted. As we said when the case was here before, the court was not bound to take the time to hear the evidence to establish the conceded claims, and the record before us does not show that any prejudice resulted to the defendant from the ruling. For these reasons, the exception is not sustained.

[13]   For impeaching purposes, only, a part of a letter from the defendant to the plaintiff, dated May 13, 1919, was admitted over the former's objection and exception. The only ground then stated, or here argued, is that the whole letter should go in if any part of it was admitted. But the other part of the letter did not modify, qualify, or explain the part admitted, and so was properly excluded. *Bellows* v. *Sowles,* 59 Vt. 63, 7 Atl. 542.

The defendant claims that some of the questions asked Bancroft by the defendant were proper cross-examination as tending

to show his bias and prejudice and to impeach him. But if this is so, it was all too unimportant and colorless to show prejudice, and the exception is unavailing.

[14, 15] Job No. 31619 appeared twice on the defendant's books as representing two different shipments to the plaintiff's order. To explain this, Joseph Aja, the defendant's bookkeeper, testified that the plaintiff changed numbers of contracts and got the witness "balled up" on numbers. In redirect examination, he was shown order No. 31537, which covered one of the five jobs in question, and asked if that number had been changed prior to February 19, and when objection was made, the defendant offered to show that about December, 1918, order No. 31537 was changed into two numbers 32784 and 32457. The court then asked defendant's counsel, "For what purpose do you offer it?" And he replied, "Why, to show that there was a change." Thereupon the offer was excluded, and the defendant excepted. The ruling was without error. It is now claimed that the offered testimony would tend to corroborate the witness. But this ground of admission was not specified at the trial. The question of the court was not so adequately answered as to require admission of the offer. It is not enough, in such circumstances, to reply that the evidence is offered to show the fact. Counsel must point out an evidentiary relation between the fact covered by the offer, and the issues being tried.

[16] It was not error to admit the testimony of the freight agent to the effect that the railroad company required all granite to be boxed and strapped, otherwise it would not be accepted for transportation. This bore upon what the defendant was required to do to have the work "ready for shipment." Then, too, the evidence did the defendant no harm, for the contracts required it to box the work and bind it with strap iron.

[17] Other exceptions are too inadequately briefed to require attention. *Barclay* v. *Wetmore & Morse Granite Co.*, 94 Vt. 227, 110 Atl. 1.

*Judgment affirmed.*