JULIUS H. SCHWARTZ, DOING BUSINESS AS PASSAIC COUNTY REALTY COMPANY, PLAINTIFF-RESPONDENT, v. ADOLPH WEINSTEIN, DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided June 27, 1927.

Sale of Real Estate—Agent's Commissions—Contract Entered Into but Time Limit Expired Before Customer Had Been Found—Parol Agreement to Extend Time Alleged—Held, That No Written Agreement Relating to Commissions Existed at Time Customer was Found and That the Statute of Frauds Makes Such an Agreement a Condition Precedent to Recovery—Judgment For Plaintiff Reversed.

On appeal from a judgment of the Passaic County Court of Common Pleas.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Feder & Rinzler*.

For the respondent, *Rosenkrans & Rosenkrans*.

PER CURIAM.

This is an appeal from a judgment of the Passaic County Court of Common Pleas rendered in favor of the plaintiff. The suit was instituted by Julius H. Schwartz, the plaintiff, against Adolph Weinstein, the defendant, to recover commissions under an agreement in writing which made Schwartz the exclusive agent of Weinstein to sell or exchange property of Weinstein, known as No. 61 Bridge street and Nos. 63-65 Hamilton avenue in the city of Paterson, valued at $32,000. The agreement contained these words: "I also agree to pay to the above-named agent a commission of two and one-half per cent. on the purchase price. This option shall expire June 15th, 1924."

Nothing was done prior to June 15th, 1924, which was the date of expiration of the option. This is admitted. The contention of the plaintiff, however, is that there was an oral extension of this option. On July 2d, 1924, Schwartz procured certain parties to exchange lands in Paterson located on Madison avenue for the property of Weinstein. The parties obtained by Schwartz expressed their willingness to enter into an agreement to make the exchange. The plaintiff insists that this agreement was dictated in the presence of Weinstein and that it was agreed to by him, although the agreement, which is supposed to be a part of the record, but is not printed, was never executed by Weinstein and his wife.

The testimony offered by the plaintiff was to the effect that the terms of the exchange were agreed upon; that an agreement was dictated; and that Weinstein heard it dictated and examined it. The position taken by Weinstein is that the option had expired and that even though the agreement was written out for the exchange of the property, he never executed it and never executed any written extension of the option given to Schwartz. There was admittedly no written extension of the option. The extension depends upon the testimony of Schwartz. The court below submitted the case to the jury upon the theory that a written extension of the option was not required and left it to the jury to determine whether or not the owners of the Madison avenue property were ready, willing, and able to exchange their property for the Weinstein property, and whether or not they were produced or secured by the plaintiff. The agreement for the exchange was not signed by all of the owners of the Madison avenue property but there was evidence that they were prepared to sign it, if Weinstein had been willing to execute it. There was no motion to direct a verdict for the defendant. There were no exceptions taken to the judge's charge which assumed that an oral extension of the written option was all that the plaintiff had to prove. There was, however, a motion to nonsuit made. The grounds stated for the motion were that the option had expired and there was no written

extension of the same. The motion was denied. An exception was duly taken.

We are of the opinion that the motion should have been granted. The agreement in writing with the plaintiff had expired by the limitation contained therein. The plaintiff in order to come within the statute of frauds was obliged to show a written authority. The statute is explicit that no broker shall be entitled to any commission for the sale or exchange of any real estate unless the authority for selling or exchanging such real estate is in writing and signed by the owner of his authorized agent. 2 *Comp. Stat.*, p. 2617, § 10. The plaintiff had no written authority because the agreement had expired. A contract within the statute of frauds cannot be modified by a parol agreement. *Hambleton* v. *Granite Co.* (*Vt.*), 118 *Atl. Rep.* 878. Where a land contract is in writing an agreement modifying its provisions, such as extending time for payment of the purchase price, cannot be proved by parol. *Abrams* v. *Eckenrode* (*Md.*), 110 *Id.* 468. In *Kerzner* v. *Chanin*, 98 *N. J. L.* 38, it was held that contracts coming within the express provisions of the statute of frauds are excepted from the rule allowing written contracts to be varied by subsequent oral agreement between the parties.

The plaintiff to recover in the instant case was obliged to have a contract in writing in order to recover his commissions from the defendant. This, as stated, he did not have because of the expiration of the time fixed in the written agreement. No oral agreement extending the date of the option supplied this defect because in the case of contracts coming within the statute of frauds there is an exception from the rule allowing merely written contracts to be varied by subsequent oral agreements.

The judgment is reversed, with costs.