**Jack B. Wood, Jr. v. Travelers Indemnity Co.**

[266 A.2d 430]

No. 48-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 2, 1970

*Divoll & Buckley,* Bellows Falls, for Plaintiff.

*Parker & Richards,* Springfield, for Defendant.

**Barney, J.** Sugar is not an approved automobile engine additive. On May 3, 1968, the plaintiff discovered that mis-

chief had been done to his car by persons unknown, through the dumping of sugar into his gasoline tank and down his oil filler pipe. He called on the defendant for help under a vandalism clause in his insurance policy.

Help was forthcoming. The car was taken to a garage and certain corrective procedures undertaken to remove the sugar. The evidence demonstrated that sugar in the gasoline tank would tend to cut off the fuel supply, and, if it reached the carburetor and combustion chamber, might damage the engine. Sugar in the oil supply could interfere with proper lubrication and cause a seizure or binding up of the moving parts of the engine.

The garage went about getting rid of the sugar by flushing out both the fuel and the lubrication systems. Oil and gas lines and reservoirs were drained and washed out with solvents, and filters were replaced. The car was road-tested and returned to the plaintiff about the middle of May. He used the car until July 29, when it suddenly refused to operate while he was on the road between Bellows Falls and Westmoreland, N.H., on his way to work. The car was taken to a different garage and the motor pronounced unworthy of repair, compared to the lesser cost of replacement by a rebuilt motor.

Such a replacement engine was installed and the defendant was called upon to respond again under the policy. This time it refused on the general grounds that its obligation had been totally discharged by the first repairs, and that sufficient relationship between the original vandalism and the latest motor stoppage had not been established.

On trial, the court charged the jury that if the facts showed that the first repairs did not preclude the original vandalism from being the cause of the subsequent damage to the motor, the defendant could be held to respond in damages. This part of the charge was sound in law and was not challenged. The jury returned a verdict for the plaintiff in excess of the *ad damnum*.

The defendant's first attack on the proceedings is based on the claimed insufficiency of the evidence to support a recovery. This concern was raised by motions for a directed verdict at the end of the plaintiff's case, and renewed at the close of

all the evidence, by motion below to set aside the verdict, and by a reiteration of these questions in this Court.

■ The decision below must be sustained if the record, taken in support of the jury's verdict, discloses a sufficient evidentiary basis. *LaFaso* v. *LaFaso*, 126 Vt. 90, 95, 223 A.2d 814. Since policy coverage and the nature of the original act of vandalism are both uncontested, the factual issue remaining is whether that original sugar episode had consequences resulting in the ultimate stoppage of the motor, in spite of the intervening corrective treatment.

■ The defendant insists that the application of an approved remedy terminated its responsibility for the affair. This is true only if the facts establish that those measures accomplished complete repair. But, in his opening case, there is testimony from the plaintiff that there was still sugar appearing on his oil filter when it was again changed some time after the flushing operation done at defendant's expense. That this possibility was not unexpected was suggested by other evidence, including testimony that the representative of the defendant said that he should be contacted if anything further developed with respect to the problem, after the corrective measures were completed. With such evidence in the case for consideration by the jury, it would have been improper to direct a verdict, and the refusal to set the verdict aside on that issue was justifiable. *Benoit* v. *Marvin*, 120 Vt. 201, 203, 138 A.2d 312.

■ ■ The defendant also faults the procedure by which the plaintiff, after verdict, moved to increase his *ad damnum*, and then file a *remittitur* of so much of the verdict as exceeded his established loss. A motion to increase the *ad damnum* is proper at any stage of the proceedings. *Harris* v. *Belden*, 48 Vt. 478, 479. Since the *remittitur* filed and allowed clearly brought the verdict within the damages proved, it, too, was permissible. *Davis* v. *Bowers Granite Co.*, 75 Vt. 286, 289, 54 A. 1084.

*Judgment affirmed.*