KNOXVILLE TINWARE & MANUFACTURING COMPANY v. H. E. ROGERS.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

*Corpus Juris-Cyc References: Sales, 35Cyc, p. 30, n. 26; p. 306, n. 52.

TESTERMAN, BURNETT & BELL, for complainant, appellant.

LEE, PRICE, McDERMOTT & MEEK, for defendant, appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Complainant, Knoxville Tinware & Manufacturing Company, has appealed from a decree of the chancery court sustaining a demurrer to its original bill.

*(1)* The suit was filed for the writ of replevin, to recover possession of a hot air furnace and certain piping and other material, located in the basement of a building purchased by the defendant, Rogers, at a foreclosure sale, held pursuant to a deed of trust executed by one Charles R. McClung. The bill avers that at the time Rogers purchased the building the furnace was not attached to the building, but that Rogers claimed that the furnace passed to him as an appurtenance to the house and lot.

The bill avers that complainant had delivered the furnace to the premises under a contract with McClung for the furnishing and installation of such a furnace, together with the casing and piping incidental thereto; that when it had delivered the furnace and material to

the premises "in pursuance of the carrying out of its said contract," but before the work of installing the furnace was begun, McClung died, insolvent, and no further steps were taken to complete the contract, the furnace and the materials for completing the contract being left on the premises, unattached, at the time of the subsequent purchase of the premises by Rogers.

The bill avers that the furnace was never attached to or made a part of the realty, and was not appurtenant to the realty; that title thereto did not pass from complainant and was not to pass until the furnace was completely installed and made a part of the realty; and that defendant has no title to or interest in or right of possession to the furnace, so that his retention of possession is wholly unlawful and without authority.

The description of the contract between complainant and McClung, contained in the bill, is that it was a contract "for the furnishing and installation of one Cole's Hot Blast Boiler Plate Furnace, No. 2484, with casing and warm air pipe, and other material incident to the installation of said furnace." The bill avers that McClung "agreed to pay for said furnace when the same was completely installed the sum of $240, and that no part of said indebtedness has been paid."

The theory of the demurrer, sustained by the Chancellor, is that the contract disclosed by the bill was one for the sale of unascertained goods, and that the facts stated in the bill resulted in the passing of title to the furnace from complainant to McClung, with no right of possession remaining in complainant, under the provisions of the Uniform Sales Law, Acts 1919, chapter 118.

Whether the contract is one for the sale of goods, within the meaning and application of the statute cited, is a question of difficulty which we do not find it necessary to decide.

A similar contract for the furnishing and installation of a heating system for a new building was considered by the Superior Court of Pennsylvania in *York Heating Co. v. Flannery*, 87 Pa. Sup. Ct., 19, wherein the court referred to the definition of a sale of goods in the Uniform Sales Act, and said:

"The contract in suit was in no sense a contract of sale. It was a construction contract. The transfer of property in the fan, motor, pipe coil heater, air washer, reheater coils, condensation system, duct system and steam piping was but incidental to the main purpose which was the furnishing of labor and the assembly of material in the erection and construction of a heating system. It would be just as proper to call a contract for the construction of a building a sale of the stone, brick, cement, wood, etc., which entered into the erection of the building."

If the contract between complainant and McClung does not fall within the application of the Sales Act, the bill discloses nothing to indicate any intention on the part of complainant to part with his title or right of possession by the delivery of the furnace and materials on the premises where he was bound by the contract to install them. Nothing more appearing than is disclosed by the bill, we think such a delivery should be considered as a conditional delivery to McClung, as bailee rather than vendee, for the purpose of enabling the complainant to perform its entire contract, as was held by the Supreme Court of Vermont in *Kitson Machine Co. v. Holden, Admr.*, 74 Vt., 104, wherein the rights of the parties grew out of a contract for the sale and installation of machinery.

If the contract between complainant and McClung be treated as one for the sale of goods, it is the contention

of the defendant that the delivery of the goods on the premises of McClung had the effect of passing title to McClung under Rules 4 and 5, prescribed in section 19 of the Uniform Sales Act (Acts 1919, chapter 118). These rules are introduced by the caption:

"Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer."

"Rule 5" provides only that if the contract to sell requires the seller to perform certain designated acts incident to transportation and delivery, the property does not pass until such acts have been performed; and it does not necessarily follow that the performance of these designated acts of delivery or transportation effects a transfer of the property or title.

Rule 4 is as follows:

"Where there is a contract to sell unascertained or future goods by description, and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer.

"Such assent may be expressed or implied, and may be given before or after the appropriation is made."

Subsection 2 of Rule 4 states conditions under which the seller will be presumed to have "unconditionally appropriated" the goods to the contract of sale; and it may be conceded that the delivery of the furnace and materials by complainant to the premises of McClung would have amounted to their unconditional appropriation to the contract, if the other conditions to the application of the rule were present.

It will be noted, however, that as a condition precedent to the transfer of title, Rule 4 states that the goods must be unconditionally appropriated to the contract "in a deliverable state."

The phrase "in a deliverable state" is defined in section 76 of the Sales Act as follows:

"Goods are in a 'deliverable state' within the meaning of this act when they are in such a state that the buyer would, under the contract, be bound to take delivery of them."

It is impossible to assume that McClung would have been bound to take delivery of the furnace and materials, under a contract calling for their installation in his building, when they were simply deposited in the basement of the building, with no part of the work of installation performed.

(2) If a contract for the sale of unascertained or future goods by description requires the installation of such goods in a building, as in the case of a furnace required to be installed by the seller, we are of the opinion and hold that the goods are not in a deliverable state, so long as the installation is incomplete; and in such case the property in the goods does not pass to the buyer until the goods are installed, under Rule 4. This construction of Rule 4 places it in harmony with Rule 2, in section 19 of the statute, which provides that under a contract to sell specific goods, whereby the seller is bound to do something to the goods, for the purpose of putting them into a deliverable state, the property does not pass until such thing be done.

(3) It is our conclusion, therefore, that whether the contract disclosed by the bill be treated as a construction contract for work and labor, or a contract for the sale of

goods, the facts stated in the bill do not disclose a transfer of property from complainant to McClung, and that a cause of action for the possession of the property is stated in the bill.

The decree of the Chancellor sustaining the demurrer will be reversed, and the cause remanded for answer.

The defendant will pay the costs of this appeal.